JOHN W. CASWELL, plaintiff in error, *vs.* THE CENTRAL RAILROAD AND BANKING COMPANY, defendant in error.

Where two promissory notes, before due, were delivered to and accepted by an incorporated body invested with banking privileges, as collateral security for a loan of money made by said corporation to the payees of said notes, at a greater rate of interest than seven per cent., the title to the same does not pass, and the maker thereof may plead in bar to a suit thereon in favor of said bank, payment made to the original payees without notice of said assignment.

Banks. Promissory notes. Usury. Before Judge BART-LETT. Putnam Superior Court. March Term, 1873.

For the facts of this case, see the decision.

LAWSON & FITZPATRICK, for plaintiff in error.

W. F. JENKINS; REESE & REESE, for defendant.

Caswell *vs.* The Central Railroad and Banking Company.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant on two promissory notes, for the sum of $464 69, one dated 2d June, the other 24th June, 1870, payable 1st November after date to Adams, Washburn & Company, or bearer, with a lien on his crop to secure the payment of said notes to them, or bearer, and agreeing in said notes to deliver to them, or bearer, at Savannah, enough of his cotton crop to pay said notes at maturity. The defendant, in his plea to the plaintiff's action, alleged that, without notice of the assignment of said contracts, he, in good faith, and in pursuance of said contracts, did deliver to said Adams, Washburn & Company, at Savannah, enough of his cotton crop of the year aforesaid to pay said sums of money, and all other sums due them, and that said contracts ought now to be extinguished, and that the right of property in, and the right of action on said contracts, is still in the said Adams, Washburn & Company, inasmuch as the plaintiff, being a corporate body, invested with banking privileges, resident in said State, did, on the ... day of ......, lend to the said Adams, Washburn & Company, an amount of money, as defendant is advised and believes, at a greater rate of interest than seven per cent. per annum, and accepted the contracts aforesaid as collateral security for said loan, which contract of loan, at the rate of interest aforesaid, being contrary to the laws of said State, was null and void, and that the taking of said contracts as collateral security being incidental and dependent on said original transaction, is likewise null and void. At the trial of the case, the plaintiff demurred to the defendant's plea, the Court sustained the demurrer and a verdict was rendered in favor of the plaintiff for the sum of $468 69, principal, and $77 89, as interest. The defendant made a motion for a new trial, on the ground that the Court erred in sustaining the demurrer to his plea, and on the other grounds set forth in the motion, which was overruled, and the defendant excepted. The only ground of error insisted on here was in sustaining the demurrer to the defendant's plea.

The facts alleged in the defendant's plea, and admitted by the demurrer to be true, are, that the defendant did, in pursuance of his contracts with Adams, Washburn & Company, in good faith, and without notice of the assignment thereof to the plaintiff, deliver to them enough of his cotton crop for the year 1870 to pay off and extinguish the same; that the right of property in, and the right of action on, said contract, is still in the said Adams, Washburn & Company, because said contracts were delivered to and accepted by the plaintiff, an incorporated body invested with banking privileges, as collateral security, to secure a loan of money made by the plaintiff to them at a greater rate of interest than seven per cent., and that said contract, by which the plaintiff claims its title to the papers sued on, is null and void, the same being incidental to and dependent on, said original usurious contract.

The question is, whether the plaintiff has a title to the papers sued on, and is such a *bona fide* holder thereof as will defeat the defendant's plea of payment to the original payees thereof, made in good faith, and without knowledge of the transfer at the time of making such payment. The plaintiff, as the holder of the papers as collateral security for the debt contracted for the loan of the money to Adams, Washburn & Company, stands upon the same footing as a purchaser thereof: Code, section 2746. Their title to the papers, therefore, depends on the validity of the contract made between the plaintiff and Adams, Washburn & Company for the loan of the money which the collaterals now sued on were intended to secure.

The question involved in this case is not whether the defendant can set up the usury in the contract between the plaintiff and Adams, Washburn & Company, as a defense against the payment of his own notes, but the question is, whether he cannot show that the contract by which the plaintiff claims to be the *bona fide* holder of the papers as the transferee thereof, is void for usury, and that the title to the notes is still in the payees thereof, to whom the defendant has paid them, so as to enable him to make his defense of payment available.

Caswell *vs.* The Central Railroad and Banking Company.

This contract was made prior to the repeal of the usury laws in 1873. By the provisions of the Code, when this contract was made, the banks of this State were expressly prohibited from loaning money, directly or indirectly, on any note, bill, draft, or contract of any sort, at a greater rate of interest than seven per cent. per annum, or to discount or purchase any paper, or debt, at a greater discount than said rate, and every contract, note, bill, draft, or paper made in violation thereof, is declared to be null and void: Code, 1478, 1480. This was the declared policy of the State as to usurious contracts made by banks, at the time of the making of the alleged usurious contract by the plaintiff. The 2025th section of the Code declares, that "All titles to property made as a part of an usurious contract, or to evade the laws against usury are void." A contract to do an illegal thing is void, and a contract which is against the policy of the law, cannot be enforced: Code, 2707, 2708. If the facts alleged in the defendant's plea be true, the plaintiff is not a *bona fide* holder of the notes sued on in the fair course of trade, but the title to the notes is still in the payees thereof, the contract by which the plaintiff obtained the possession and title thereto being usurious, was void, and the defendant may plead and prove that fact so as to protect himself in making the payment to the payees of the notes in good faith, who were the legal owners thereof; in other words, the defendant may plead and prove in defense of the plaintiff's action, that it is not a *bona fide* holder of the notes, and has no title thereto under the law, but that the title to the notes was in Adams, Washburn & Company, to whom he paid them, notwithstanding the plaintiff may have obtained possession of the notes by delivery, before due, under and in pursuance of the alleged usurious contract. This question is controlled by the positive declaration of the statute making usurious contracts by the banks void, and not by the general principles of the common law applicable to such contracts. This case comes within the principle decided by the Supreme Court of the United States, in Gaither *vs.* The Farmers' & Merchants' Bank of Georgetown, 1 Peters'

Reports, 37. In that case the bank brought suit against Gaither on a note deposited by Corcoran & Company, before it became due, as collateral security for notes discounted by the bank for them at usurious rates of interest. The defendant Gaither proposed and offered to set off the notes of Corcoran & Company, which had been transferred to him by the payee thereof, after the note on which the suit was brought had been transferred to the bank, but before the suit was brought, and the question was, whether the defendant Gaither could set off the notes which he had purchased on Corcoran & Company, who were the payees of his note, against the bank. The Court held that he could, on the ground that, by the laws of Maryland, usurious contracts were void, that the transfer of Gaither's note by Corcoran & Company to the bank, as collateral security for an usurious contract, was void, and that neither the property in the note, nor the right of action thereon, were passed to the plaintiff.

So in this case, if the contract between the Central Railroad and Banking Company and Adams, Washburn & Company, by which the former acquired its title to the notes sued on, was an usurious, void contract under the statute, the transfer of the notes by Adams, Washburn & Company to the plaintiff under that contract, passed no title to the notes, or right of action thereon, and the defendant could plead payment of the notes to Adams, Washburn & Company, who were the rightful owners thereof at the time of the alleged payment by him of the notes now sued on. The Court below erred in sustaining the demurrer to the defendant's plea.

Let the judgment of the Court below be reversed.

McCAY, Judge, concurring.

I concur in the judgment in this case, with some hesitation. The general rule, as it seems to me, as established by the decided current of the authorities is, that the maker of a note cannot, if the note was valid when given, object to the plaintiff's title to it, on the ground that he acquired it in an illegal transaction, and especially is this true if the illegality alleged,

Caswell *vs.* The Central Railroad and Banking Company.

be usury, since it is not the province of the maker to protect the payee or indorser against the oppression of the holder. But as this case presents itself, the maker has a good defense to the note. He has fully paid it to the payee. He has discharged the contract between himself and the party to whom the note was made. The present holder has a right to make him pay it again, alone on the principle that he is an ininnocent holder, that he has in good faith been misled, to his injury, by the face of the note. Can one place himself in this favored position by an act, which the law, for purposes of public policy, declares absolutely void? Our Legislature, in its wisdom, has declared that no bank shall, directly or indirectly, loan money at more than seven per cent. or *discount* or *purchase paper or debts at a* greater discount than said rate: Irwin's Code, section 1480. And that every contract, note, bill, draft or paper, made in violation of this provision, shall be null and void. Evidently this provision has more in it than the ordinary law, as to usury by individuals, which merely makes illegal interest not recoverable. The intent is to prevent banks, having special privileges granted by charter, having franchises bestowed by the State, for the public good, abusing their franchises to the public injury. The act of taking usury, by a bank, is an illegality, and any contract in violation of this is declared null and void. As I have said, it is assuming a great deal to ask that one shall be entitled to place himself in the position of a *bona fide* holder—an innocent purchaser—by an illegal and void act; an act directly in the teeth of the statute which was intended to prevent banks from misusing their franchises.

It is asked that the defendant shall pay a sum of money he does not justly owe, because he has negligently permitted this bank to become the innocent holder of his note, when the fact is, that, in becoming such holder, the bank violated the law. The defendant must pay again, because the bank has innocently made a contract which the law declares null and void. This view of the matter strikes my mind with much force, and upon it I concur.