RICHARD W. BONNER, guardian, plaintiff in error, *vs.* JAMES W. WOODALL *et al.*, defendants in error.

1. Where a note for money borrowed was given in 1860, with two securities thereto, which was renewed on February 14th, 1863, the name of one of the securities being omitted therefrom with the knowledge and consent of the other security, there was no such novation of the original contract, in the legal sense of the term, either as to the maker or the remaining security, as would bring it within the operation of the ordinance of 1865.

2. Where, by agreement of counsel, a motion for a new trial is to be made and heard in vacation, "provided the same is done in time to take the case to the next July term of the supreme court,"' and said motion is made and heard in time for such purpose, provided extraor-

dinary diligence had been used, but the writ of error was, in fact, made returnable to the succeeding January term, a motion to dismiss will not be entertained on this ground. Whatever rights the parties had under the agreement referred to, should have been set up in the court below. (R.)

Novation. Ordinance of 1865. Practice in the Supreme Court. Before Judge HILL. Twiggs Superior Court. April Term, 1873.

When this case was called a motion was made to dismiss the writ of error on the ground that it had not been returned to the last July term of the court, as provided by agreement of counsel and order of court. The facts relied upon to sustain such motion were as follows:

This case was tried at the April term, 1873, of Twiggs superior court. On account of the sickness of W. K. De-Graffenreid, leading counsel for the plaintiff, an agreement of counsel was entered into and an order of court accordingly taken, which allowed a motion for a new trial to be made and heard in vacation, " provided the same is done in time to take the case to the next July term of the supreme court." The motion was subsequently made, and was overruled on June 5th, 1873. The return day to the July term, 1873, of the supreme court was June 17th, 1873. The bill of exceptions was certified to by the judge on June 16th, 1873, and by the clerk on the succeeding day. The papers reached the clerk's office of the supreme court on August 12th, 1873.

The motion was overruled, the court enunciating the principle embraced in the second head-note.

For the facts of the case, upon its merits, see the decision.

WHITTLE & GUSTIN; R. F. LYON, for plaintiff in error.

J. & J. C. RUTHERFORD; S. HALL; RICHARD H. CLARK, for defendants.

Bonner *vs.* Woodall *et al.*

WARNER, Chief Justice.

The plaintiff brought his action against the defendants on a promissory note for the sum of $2,610 37, payable to the plaintiff, as guardian of Harry Dorsy, dated 14th February, 1863, and due 1st day of January, 1864.   On the trial of the case, the jury, under the charge of the court, found a verdict against Woodall for the sum of $560 00, with interest thereon, and the sum of. $146 65, with interest thereon, against Nelson, the security.   The evidence in the record substantially discloses the following facts in relation to the consideration of the note sued on :   That before the war in 1860, the defendant, Woodall, borrowed of the plaintiff, as guardian, $2,000 00, in current bank notes issued by the banks of this state, and gave him his note therefor, with Reynolds and Nelson as his securities, that the note sued on was given in renewal of that note, including the interest due thereon, that when the note was renewed Reynolds' name was left out at his request and by plaintiff's consent, he being willing to take Nelson alone as security.   The plaintiff wrote the note, gave it to Woodall to sign and to procure the signature of Nelson, which was done, the plaintiff not being present.   Nelson knew at the time he signed the last note, as security for Woodall, that it was given in renewal of the first note.   There was nothing said at the time as to the kind of currency in which the note should be paid, though Nelson stated in his evidence that he expected, if he had the money to pay, to pay it in Confederate money.   The court charged the jury, in substance, that the renewal of the old note, by leaving out Reynolds, under the facts of the case as stated in the evidence, was a novation of the original contract, and would authorize them to scale the note sued on under the ordinance of 1865, to which charge of the court the plaintiff excepted.   The original contract between the parties was to pay the plaintiff the $2,000 00 borrowed of him.   The renewed contract was to pay him the same amount, with the lawful interest due thereon, for the same consideration, and there is no pretence that

there was any other consideration for the renewed note, or that Nelson did not know, at the time he signed the renewed note as security for Woodall, that Reynolds' name was to be left off of it with the plaintiff's consent. One simple contract as to the same matter and on no new consideration, does not destroy another contract between the same parties, but if new parties are introduced by novation so as to change the person to whom the obligation is due, the original contract is at an end: Code, 2724. In this case there was no new consideration for the renewed note, and no change of the person to whom the obligation was due, and if Nelson signed the renewed note as security for Woodall, with full knowledge that Reynolds' name was to be left off of it, then no new parties have been introduced or omitted from the contract of which he has any right to complain. There was no novation of the original contract, in the legal sense of that term, either as to Woodall or Nelson, but a simple renewal of the original contract, and for the same consideration. The note sued on, being simply a renewal of a contract made prior to the 1st of June, 1861, was not subject to be scaled under the provisions of the ordinance of 1865. The consideration of the note was not Confederate money, but bank bills, the purchasing power of which was nearly equal to that of specie at the time it was borrowed of the plaintiff, as the property of his ward, and therefore is not of that class of contracts contemplated by the ordinance of 1865. In our judgment the court erred in its charge to the jury, as set forth in the record.

Let the judgment of the court below be reversed.