## PARTRIDGE *vs.* WILLIAMS' SONS.

1. One who takes a negotiable paper before due and without notice, as collateral security, takes it free from the equities between the parties, like a purchaser for value before due and without notice.
(*a.*) The renewal of a note at the same rate of interest is not a novation. Therefore, where a collateral to secure a note was placed in the hands of the creditor, and the note was renewed at the same rate of interest and with the same parties, the debt was the same, and the collateral security remained as securing it
2. That a promissory note is deposited as collateral security for the payment of a debt on which usury was exacted, does not render the entire proceeding void, or destroy the right to collect the collateral to the extent of the principal and legal interest of the original debt.

March 4, 1884.

Negotiable Instruments. Promissory Notes. Pawns. Collateral Security. Interest and Usury. Before Judge Bower. Dougherty Superior Court. October Term, 1883.

Reported in the decision.

G. J. Wright; D. H. Pope, for plaintiff in error.

A. L. Hawes; Jones & Walters; D. A. Russell, for defendants.

JACKSON, Chief Justice.

Williams' Sons sued Partridge upon a promissory note for $1,250.00, interest from date at 8 per cent. The jury, under the charge of the court, found for the plaintiffs the principal and interest. No motion for a new trial was made, but the case comes before this court upon assignments of error in the charge of the court. The facts are, substantially, that the note sued on was payable to Hartwell or bearer, and by him transferred before due to Welch & Bacon, and by them was placed in the hands of plaintiffs as collateral security (among many others), before due, to secure a large sum of money Welch & Bacon had borrowed from Williams' Sons at 1 to $1\frac{1}{2}$ per cent per month interest; that Partridge had large effects in the hands of Welch & Bacon when the note fell due, and called to pay it out of these effects, but ascertained that it was out of their hands as collateral security, and it was not paid that the debt owing by Welch & Bacon was renewed to Williams' Sons, they still holding this collateral, to fall due in February, 1881; that Welch & Bacon broke in December, 1880, still in debt to Williams' Sons a large amount, and still in possession of effects due to Partridge; that when Williams' Sons renewed the note with Welch & Bacon and retained the collaterals, this among others, it was known to them and to Welch & Bacon that many of the collaterals were worthless, having been paid, but no mention was made of this note sued on here, which had not been paid.

Upon these facts the court charged the jury, and exception is taken, and error is assigned upon portions of that charge; and the question is, did the court err on any of these assignments which are material to the issue?

1. The court charged to the effect that if prior holders, the payees or those from whom the plaintiffs got the note sued on, had funds in their hands sufficient to pay it, but had not appropriated it in payment, it would not amount to payment as against a party who got the note for value

from such holder, whether before or after due ; that there must be a payment in fact or by contract; that if defendant called on Welch & Bacon to pay the note, and was informed that it was in the hands of Williams' Sons as collateral, this was sufficient notice to him not to pay Welch & Bacon, and if he did so after such notice, he would still be liable on said note to Williams' Sons; that if Williams' Sons obtained it as collateral before it fell due, and when it fell due, defendant applied to Welch & Bacon to pay it, having funds of his sufficient to pay it, and was told it was in the hands of Williams' Sons as such collateral, and after it fell due, Williams' Sons extended the payment of the debt of Welch & Bacon to them, and in doing so, renewed the note of Welch & Bacon to them, adding interest up to date, and retained these collaterals, and no money passed between them at that time, although both thought and said that many collaterals were of little value or security, some of them having been paid, you should find for the plaintiffs ; that notice that some collaterals had been paid would not be notice that any particular one had been paid; that if Williams' Sons had been notified then that this note had been paid, and the truth was it had not been paid, it would not have affected them, and if it had been really paid by defendant to Welch & Bacon at a time when defendant knew it was in plaintiffs' hands as collateral, and no longer belonged to Welch & Bacon, such payment would not affect Williams' Sons.

The portion of the charge, of which the above is the substance, is excepted to, and assigned for error, on the ground that it is not applicable to the pleadings and evidence ; that a note taken after maturity is subject to all the equities between the original parties ; and that a renewal of the debt due plaintiffs by Welch & Bacon, adding in the interest to maturity, and giving a new note therefor after the maturity of the note sued on, was a new contract, and the note sued on was subject to all the equities existing between defendant and Welch & Bacon at the time, whether plaintiffs had notice of them or not.

Under the decisions of this court, and the plain statutory provision for bringing cases to this court for review, the plaintiff in error should specify clearly the errors complained of, and exception to a long segment cut out of a charge containing distinct legal positions, it has been held, does not come up to the requirement of the statute. So that the exception to this long paragraph might well be passed by without a review and decision upon it, even aided by the shorter but still heterogeneous assignments of error upon this long part of the charge. With that aid, however, it seems that the plaintiff in error seeks to make the point that, when Williams' Sons allowed Welch & Bacon to renew their note due them, although they retained this note, which had been placed in their hands originally before due, as collateral security, that then it was retained after due to secure the renewed note, and was subject to all the equities existing then between Welch & Bacon and the defendant.

But we think the mere renewal of a note at the same rate of interest is not a novation. No new party is added, and no new consideration passes. Code, §§2153, 2724, 2878; 51 *Ga.*, 177.

It follows that this collateral to secure this debt was placed in the hands of the plaintiffs before due, because the debt was the same debt; there was no novation or change in it, but a mere renewal of the identical indebtedness of Welch & Bacon to plaintiffs, to secure which the note of defendant was turned over as collateral to plaintiffs before it was due. If the plaintiffs got the note before due, of course they took it free from all defences which the defendant may have had against Welch & Bacon, and his sets-off against them cannot avail against this collateral holder without notice, before due, any more than those defences would be good against a purchaser for value, before due and without notice. Code, §2788; 3 *Ga.*, 47; 22 *Id.*, 246; 57 *Id.*, 274; 60 *Id.*, 654. Therefore, even if any portion of the long part of the charge be objectionable—which we

do not decide to be so—inasmuch as the plaintiffs took the collateral before due, the equities between defendant and Welch & Bacon will not avail against them, and the charge in substance is right.

And the second assignment of error, on the 7th segment of the charge excepted to, is the same, substantially, as ruled above, and is controlled by what has been said.

2. The next and only other assignment of error is, that the court erred in charging that the fact that Welch & Bacon were paying usurious interest to plaintiffs did not render their title to the note as collateral security of that usurious debt void.   Assuredly the security is good to pay the legal part of the debt which Welch & Bacon owed to plaintiffs.  Even in cases of deeds to land or other property not under the law-merchant, this court has held that, while the deed or bill of sale would not be good to pass title, if affected with usury, yet it would be good as security to pay the principal and legal interest.   Williams' Sons could recover of Welch & Bacon all they owed them, except the usurious interest; and it would be strange if, when Welch & Bacon turned over to them a note with no tincture of usury in it, they could not recover from the maker of that note as much as they could from Welch & Bacon.  The note, therefore, is good to be collected and applied to the payment of the principal and legal interest due plaintiffs by Welch & Bacon, all of which, it is not pretended, does not far exceed the note sued on, when stripped of all usurious interest. Eight per cent is the lawful interest, and if one take more, he forfeits the excess beyond eight per cent.   Acts of 1878–9, p. 184; *Id.* 1880–1, p. 149; Code, §§2057 (a), 2057 (b).

Formerly banks forfeited the whole debt; but that penalty is now repealed.   Acts 1873, p. 52; Code, §1474. See also *Caswell vs. The Central Railroad and Banking Company*, 50 *Ga.*, 70.

The language of the Code, in respect to titles to property affected with usury, is: "All titles to property made as a

part of an usurious contract, or to evade the laws against usury, are void." That is, the entire title, the whole thing, is a nullity; but this does not apply to commercial paper, because the statute declares that the principal and legal interest may be collected, and to that extent the paper is good and valid. The section of the Code which annuls title to property is 2057 (f), and just above it, in §2057 (b), is the rule as to what is annulled in loaning money, in commercial paper, by individuals or corporations; and that does not annul the whole contract, but restricts it to the collection of principal and lawful interest.

Under these rules of law, the facts in this record demanded this verdict, and the judgment must be affirmed.

Judgment affirmed.