## Maples vs. Cox.

Where a principal debtor conveyed land to his surety to indemnify him against loss, and, after the debt had been reduced to judgment and a levy made, the surety paid off the execution, and thereupon brought ejectment against his principal to recover the land, it was no defence to this action to allege that there was usury in the contract between the principal and the original creditors. The deed from the principal to the surety was not tainted with usury in the contract between the principal and his creditors; and, as between them, the judgment fixed the indebtedness.

February 24, 1885.

Principal and Surety. Title. Usury. Debtor and Creditor. Judgments. Before Judge BOWER. Mitchell Superior Court November Term. 1884.

Reported in the decision.

C. O. DAVIS; G. J. WRIGHT; D. H. POPE, for plaintiff in error.

No appearance for defendant.

BLANDFORD. Justice.

Cox procured Maples to become surety for him to Welch & Bacon, and to indemnify him against loss, conveyed to him a certain tract of land. Welch & Bacon sued Cox as principal and Maples as security, and obtained a judgment against them; the execution issued on said judgment having been levied, Maples paid off the same. Maples then brought his action of ejectment against Cox, to recover the land conveyed by Cox to Maples, to indemnify him against the payment of the debt due to Welch & Bacon. Cox pleaded that there was usury in the contract which he made with Welch & Bacon, upon which Maples was surety. The court held that, if there was usury in the debt or note which Cox gave to and made with Welch & Bacon, upon which Maples was surety, the deed from Cox to Maples

was affected thereby, and conveyed no title to Maples and that he could not recover on this deed.

We cannot very well see how the deed from Cox to Maples can be tainted with the usury which Cox agreed to pay Welch & Bacon. The contract between Cox and Maples was one of suretyship; there is no usury in that; and the deed from Cox to Maples was upon the consideration that Maples would become the surety of Cox in the debt which he owed Welch & Bacon. When Welch & Bacon obtained judgment against Cox and Maples, their liability was fixed. They became bound to pay the debt, usury or no usury, and when Maples paid off the judgment, he had the right to recover possession of the land conveyed by Cox to him See *Partridge vs. Williams*, 72 *Ga.*, 807; 47 *Ga.*, 83; Code, §2163

Judgment reversed.