## CLOUD *vs.* KENDRICK.

Where, after the grant of a homestead and exemption to one as the head of a family, a judgment and execution against him and others were obtained, and he voluntarily paid to the sheriff money arising from the sale of cotton raised on the homestead land, with direction that it be credited on the execution, which was done, with no notice of want of title in the head of the family, it was too late for him to reclaim it as a party to a rule for distribution subsequently brought by another judgment creditor. It was properly awarded to the first named judgment creditor, of whom the sheriff was agent for its collection, the title to it passing by the delivery.

July 8, 1889.

Homestead.    Exemptions.    Payment.    Title.    Principal and agent.    Officers.    Before Judge FORT.    Macon superior court.    November term, 1888.

Reported in the decision.

J. W. HAYGOOD and HARRISON & PEEPLES, for plaintiff in error.

F. T. SNEAD, *contra.*

SIMMONS, Justice.

In 1868, Cloud took out a homestead in certain land and an exemption in certain personal property. The land was afterwards sold by order of court, and the proceeds reinvested in other land. The personal property had been used, and some of the horses and mules exchanged for others. In 1886, Kendrick obtained a judgment against Cloud and others. Execution was issued thereon and placed in the hands of the sheriff. Subsequently to this, Cloud voluntarily paid the sheriff $45 in money, and ordered him to credit it on the *fi. fa.* of Kendrick, which the sheriff did. It appears that one Smith also had a judgment against Cloud, and that he placed his execution in the hands of the sheriff and claimed the money paid over by Cloud. The sheriff refusing to pay the same to him, Smith brought a rule against him. After the rule was brought, Cloud had himself made a party thereto, and claimed the money as the head of a family, alleging that it was the proceeds of two bales of cotton which had been raised on the homestead land. It appears that the main issue in the court below was whether Cloud was entitled to the money, or whether Kendrick was entitled to it. The court decided that Kendrick was entitled to it, and ordered it paid over to him by the sheriff; to which ruling Cloud excepted and brought the case here. We think the court decided right. Cloud voluntarily paid over to the sheriff the money, and directed him to credit it on the *fi. fa.* of Kendrick, which was done in accordance with his orders. It was an appropriation of the money made by Cloud. It is true it did not pass into the hands of Kendrick, but it was held up under the claim of another creditor of Cloud; but as far as Cloud was concerned, we think that when he paid the money to the sheriff, and directed him to pay it to Kendrick and credit it on

Kendrick's *fi. fa.*, it was then too late for him to reclaim it. The sheriff was Kendrick's agent, made so by law, for the collection of this money and he had no notice of want of title to the same in Cloud, the same being money, to which title passes by delivery.

Judgment affirmed.