## TANNER *v.* LEE.

1. If without notice of another's claim thereto a creditor receives money from his debtor in payment of a pre-existing debt, the true owner can not thereafter compel such bona fide creditor to account therefor.

2. The evidence was conflicting as to whether the plaintiff had notice of defendant's title to money previously paid, but was sufficient to sustain a finding in plaintiff's favor.

Submitted November 19,—Decided December 21, 1904.

Complaint.  Before Judge Freeman.  Troup superior court.
March 19, 1904.

Viney and her husband, Jacob Tanner were indebted to the
plaintiff Lee.  The wife's debt was represented by a note, and
that of the husband by an account and also by a mortgage. ' Lee
brought suit against the wife on the note.  She pleaded payment
of a certain sum for which she claimed credit.  Her evidence
tended to show that she had given her husband certain money
with instructions to hand the same to the plaintiff as a payment
on the note.  The husband testified that he let the plaintiff know
that the money belonged to his wife, but instructed him to put
part as a credit on the note and part as a credit on his own mort-
gage; that he received a receipt, which he had lost.  It appeared
that the account was the oldest claim.  The plaintiff denied that
he had any notice that the money belonged to the wife, and testi-
fied that when the husband brought the money he first instructed
it to be applied on the mortgage, but, after some conversation,
consented that it should be applied on the account.  There was
a verdict for the plaintiff for the full amount of the note sued
on, and a motion for a new trial- on the ground that the verdict
was contrary to the evidence.  This was overruled, and the de-
fendant excepted.

*E. T. Moon*, for plaintiff in error.

LAMAR, J.  If, when the cash was received and applied as a
credit on the debt of the husband, the plaintiff had notice that the
money actually belonged to the wife, she would have been enti-
tled to a verdict on her plea of payment.  If, however, he had no
such notice, but took the money bona fide as a part payment on a
pre-existing debt, then she was not entitled to the credit claimed
nor to a judgment against him for the amount so received.  If the
creditor's title to this money could be thus defeated without proof
of notice of the defendant's interest therein, so likewise could the
title of the defendant to the same money be attacked.  The result
would be that if any link in the chain of ownership between her-
self and the mint was invalid, she could be called on to account by
the last true owner.  It is manifest that any such rule would be
utterly destructive of the quality of currency which has been
attached by law as an incident peculiar to money and negotiable

paper alone, of all other property. Money not only has no ear-marks, but is currency, passing by delivery from hand to hand. It may be accepted in good faith, without any obligation to examine the holder's title, or to inquire the source from which he got it. One can give a better title thereto than he himself has, and one who receives it bona fide for a consideration may retain it as against the true owner. But it is said this principle does not apply to the payment of a pre-existing debt; that the creditor, on being obliged to return another's money unlawfully paid by the debtor, is in no worse position than he was before; that he still has his claim against the debtor, and may proceed to enforce it. And there are some decisions which seem to sustain this contention, certainly as to the case of negotiable instruments, when they are used as collateral or payment on pre-existing debts. But the contrary view has been adopted in this State. In *Gibson* v. *Conner*, 3 *Ga.* 51, it was said that the weight of authority was to the contrary, and that a note taken in payment of a pre-existing debt before due, and without notice of the maker's equity, can be enforced against him. See also *Kaiser* v. *U. S. Nat. Bank*, 99 *Ga.* 259; *Partridge* v. *Williams*, 72 *Ga.* 807. By the same principle one who receives money bona fide for a consideration, as in payment of a pre-existing debt, gets a title thereto good as against the true owner. The individual hardship must yield to the general rule, and to the necessity of preserving intact the right to accept money bona fide, without an inquiry as to the source from which it came. Besides, the payment may have lulled the creditor into non-action. Relying thereon he may have lost the opportunity to collect by means which were not resorted to because he thought the debt had been fully or partially paid. These considerations, along with the credit on the existing debt, furnish a sufficient consideration to support the transfer of title, and enable the creditor without notice of her claim to retain the same against the defendant. Civil Code, § 3538; *Cloud* v. *Kendrick*, 82 *Ga.* 730; *Newhall* v. Wyatt, 139 N. Y. 452; State Bank v. U. S., 114 U. S. 401. Nor is the rule different under the Civil Code, § 2488, because the money belonged to a wife, and the payment was made by the husband to satisfy a debt due by him to the plaintiff. *Chason* v. *Anderson*, 119 *Ga.* 495.

The evidence as to notice by the plaintiff of the wife's title was

conflicting. It was, however, sufficient to sustain the finding in his favor, and there was no error in refusing to grant a new trial.

*Judgment affirmed.    All the Justices concur.*