Wofford vs. Gaines.

NANCY S. WOFFORD, plaintiff in error, vs. SUSAN GAINES, defendant in error.

| 53 | 485 |
| 91 | 513 |
| 53 | 485 |
| 112 | 269 |

1. When a promissory note, given for land, and payable to the vendor and negotiable, went into the hands of a third person, and whilst he was the owner of the same it was renewed by the maker and a party added as security and the new note made payable to the holder:
*Held,* that this is not such a novation of the original contract as that a homestead laid off in the land, is not subject to be levied on and sold to satisfy a judgment founded on the renewed note. The debt is still for the purchase money of the land.

2. A homestead laid off under the act of 1868, is subject to debts contracted prior to July, 1868. The judgment setting the homestead apart, does not conclude creditors to whose debts the homestead is subject, and the debtor takes it, *cum onere.*

Homestead. Novation. Promissory notes. Before Judge McCUTCHEN. Bartow Superior Court. December Adjourned Term, 1873.

An execution in favor of Susan Gaines against Wade H. Wofford, was levied upon certain realty which was claimed by Nancy S. Wofford. Upon the trial of the issue thus formed the following facts appeared :

In the year 1850, Wade H. Wofford purchased the land in controversy from James Gaines, giving two negotiable notes therefor, each in the sum of $500 00. These notes were renewed at different times and payments made thereon, until the debt assumed the shape of one note in the hands of Aaron Gaines. This note was again renewed by the maker and security given. This instrument was purchased by the plaintiff and again renewed to her, Robert Rogers being given as security. Suit was brought thereon, judgment obtained and the execution levied upon the land in controversy. The claimant had the same set apart to her as a homestead under the act of 1868.

The court charged the jury as follows : "If you find that the defendant in *fi. fa.*, bought the land from James Gaines and gave his notes for the purchase money, and that these notes were afterwards renewed, no matter how often they

were renewed, nor how many new parties were introduced, provided the defendant Wade H. Wofford always remained as maker of such notes, such renewed notes would still be for the consideration money of the land, in the meaning of our constitution, so long as the consideration of the new notes can be thus traced, by renewal, back to the original notes which were given for the land."

To this charge the claimant excepted.

The court refused to charge as follows: "If the land has been set apart by the judgment of the court of ordinary to claimant as a homestead, the plaintiff is concluded by such judgment exempting the land from levy and sale, notwithstanding the debt is older than the constitution of 1868, and the law passed in pursuance of the same. The plaintiff has had her day in court when the homestead was applied for and granted, either with or without objection from her."

To this refusal the claimant excepted.

The jury found the property subject. Error is assigned upon each of the above grounds of exception.

JOHN W. WOFFORD, for plaintiff in error.

A. JOHNSON; WARREN AKIN; A. M. FOUTE, for defendant.

McCAY, Judge.

1. The common law idea of a novation, is when A is indebted to B, and B to C, and by mutual agreement B is dropped out, and in consideration of this, A becomes debtor to C. In this way it was competent as it were to transfer a *chose* in action. This is the novation of the Code, section 2724; a new person is introduced to whom the obligation is due. In the case before us, the note was payable to the payee or bearer. It is admitted that if the renewal had been to the original payee, though a security was added, there would have been no such novation as made a new contract. But when the renewal was made the note belonged to the bearer,

Wofford *vs.* Gaines.

and the question is, did the renewal to him alter the case? We think not. The note was payable to him. He was contracted with, in terms, at the giving of the note. This has been formally held by the supreme court of the United States in reference to the jurisdiction of the United State courts, in suits brought by holders of notes payable to bearer. And this is a fair view of the nature of such a contract. The maker, in terms, contracts to pay to the bearer. When the note goes into the hands of the bearer he is the party to it. If it be renewed, it is renewed with one of the parties to it, and the renewal is simply a contract fixing a new day as to the same matter and with no new or different consideration. No new party to whom the obligation is due is introduced. We think, therefore, this was no such novation as made this a new debt not in existence in July, 1868, at the adoption of the homestead law.

2. We are clear that under the decision of the supreme court in *Gunn vs. Barry*, the land is subject to the debt. There is nothing in the judgment setting the homestead apart that affects the question. The homestead is good, subject to the debt, as it is to other excepted debts. Had the holder of this debt made the issue that the land could not be set apart as against him, and submitted to a decision that it could, he would be barred. But he was not bound to do this; he had a right to stand by, let the homestead be set off, considering that it was laid off subject to his debt. This has been our uniform holding as to all the exceptions. And at last, that is all that is claimed here. It is not denied that there is a homestead, but that it is good against this debt. It is insisted that this is an excepted case, that the homestead was laid off subject to it. We think the judgment ought to be affirmed.

Judgment affirmed.