Smith *et al. vs.* Merritt.

> Where a note was given in 1869 in renewal, and in lieu of a former note of greater amount dated in 1862, a homestead taken under the constitution of 1868 was not subject to a judgment based thereon, neither note having been given for the purchase money of the land out of which the homestead was set apart.

Homestead. Promissory notes. Before Judge Bartlett. Greene Superior Court. March Term, 1878.

Reported in the decision.

E. C. Kinnebrew; James L. Brown, for plaintiffs in error, cited Code, §§2155, 2724; 44 *Ga.*, 133; 45 *Ib.*, 358, 580; 53 *Ib.*, 486.

M. W. Lewis & Sons, for defendant, cited 40 *Ga.*, 193, 423, 487; 45 *Ib.*, 500; 59 *Ib.*, 330.

Warner, Chief Justice.

It appears from the record and bill of exceptions in this case, that James Merritt executed his promissory note in January, 1862, payable to James Smith or bearer for the sum of $1,800.00; that after the maturity of said note, in

1867, the same was transferred by said Smith by delivery to the present plaintiffs in *fi. fa.*; that on the 15th of December, 1869, said plaintiffs as the bearers of said note, by way of renewal and in lieu thereof, took and received from said Merritt another note payable to themselves for the sum of $130.00. The plaintiffs obtained judgment on this last named note on the 8th of September, 1875, execution issued thereon, and was levied on a certain described tract of land as the property of Merritt, who filed his affidavit of illegality alleging that the land levied on had been set apart as a homestead, and was not subject to the payment of the debt on which said judgment and *fi. fa.* were founded. Upon the hearing of the case, the court decided that the defendant's homestead was not subject to the plaintiffs' judgment debt, and dismissed the plaintiffs' levy ; whereupon the plaintiffs excepted.

The note on which the judgment was founded was not given in renewal of a note originally given for the purchase money of the homestead land levied on, as was the case in *Wofford vs. Gaines*, 53 *Ga.*, 485, but was a judgment founded on a contract made subsequent to the adoption of the constitution of 1868, and therefore the setting apart of the defendant's homestead on his land did not impair the obligation of that contract as prohibited by the constitution of the United States.  There was no error in dismissing the plaintiffs' levy on the defendant's homestead.

Let the judgment of the court below be affirmed.