GOW *et al. vs.* THE CHARLOTTE, COLUMBIA AND AUGUSTA RAILROAD COMPANY.

1. Though books be produced under notice, unless their contents are applicable and relevant to the question in issue, they are not to be used in evidence.
2. When the court is requested to deliver a written charge, he should do so ; and it is not good practice to direct counsel to read his own requests to the jury.
(*a.*) It appearing that the writing of the requests in this case was not very legible, and no complaint being made of the manner in which they were read, the charge of the court being correct, and the verdict supported by the evidence, a new trial will not be granted.
(*b.*) The main points of this case are covered by the ruling in 59 *Ga.*, 685.

Principal and Surety.   Evidence.   Practice in Superior Court.   Charge of Court.   Before Judge SNEAD.   Richmond Superior Court.   October Term, 1880.

Reported in the decision.

JNO. T. SHEWMAKE, by brief, for plaintiffs in error.

FOSTER & LAMAR, by brief, for defendant.

CRAWFORD, Justice.

Suit was brought by the Charlotte, Columbia and Augusta Railroad Company against R. H. Willy and his se-

curities, on a bond executed by them for the said Willy's faithful performance and discharge of all the duties of agent of the said corporation. Among these were that he should require the freights and fares to be paid in cash, and to account therefor by making daily payments thereof to the treasurer of the corporation.

For his failure to comply with the terms of this bond in collecting, as well as in failing and refusing to pay over the money he received as agent, as aforesaid, he and his securities were sued. Upon the first trial the jury found for Gow, the security, but against Willy for the amount of his bond.

Upon a review of the case by this court, which is reported in 59 *Ga.*, 685, the judgment was reversed and a new trial ordered, and this writ of error arises from that trial.

The facts, as well as the law applicable thereto, were fully reported and ruled upon in the case when first before this court, and a close examination of this record will show that the law, as then laid down, has been strictly pursued by the judge. There is really no material change of the facts shown in the brief of evidence, and the case, in all its essential elements, is ruled by the former decision.

There are some new matters springing up in the last trial which, however, need to be passed upon.

1. It is complained that a rule-book of the company having been produced under notice, was excluded from the consideration of the jury. The judge admitted it upon condition that it was to be identified as containing rules for the government of the defendant, Willy, during his agency. The testimony not showing that fact, the book was properly ruled out. Indeed, the proof is altogether the other way, as may be seen in Palmer's and Van Buren's testimony ; and Gibbs, upon whom special reliance is placed, says that he does not know. Books, though produced under notice, unless their contents are appli-

cable and relevant to the question in issue, are not to be used as evidence.

2. Objection is made to the fact that the judge did not read to the jury the charges requested by the plaintiff's counsel, but directed that the attorney himself read them to the jury, and this after he had been requested to deliver his charge in writing. We think that the better practice would be, in such cases, for the judge himself to read the requests to charge, especially as the power to emphasize and impress the particular points in the case thus charged on the minds of the jury, is so tempting as scarcely to be resisted, and if done would be error. In this case, however, the writing was not very legible, and no complaint is made of the manner of its reading.

The judge having almost literally followed the law as ruled by this court, the verdict being amply supported by the testimony, and no error having been committed which would change it upon another trial, the same must stand.

Judgment affirmed.