## DAVIS vs. DUNN.

1. Where a bill of exceptions refers to a motion for new trial and the grounds thereof as being in the transcript of the record, but no such motion appears there, and without it the case cannot be intelligently ruled, if no suggestion of a diminution of the record he made or time he asked to perfect it, the writ of error will be dismissed.

2. A debt created prior to the adoption of the constitution of 1868, and the provision for the homestead thereunder, was not affected thereby.

(a.) The transaction in this case was not a novation, but a mere renewal of the old note.

3. Section 2028 of the Code has no application to a debt created prior to the adoption of the constitution of 1868, which could be levied on a homestead set apart under that constitution without regard to the classes of debts for which it was liable thereunder. Hence an affirmance would result if the case were decided on its merits.

September 16, 1884.

Practice in Supreme Court. Homestead. Constitutional Law. Debtor and Creditor. Novation. Before Judge BOWER. Calhoun Superior Court. June Term, 1884.

A mortgage *fi. fa.* in favor of T. J. Dunn against R. R. Davis was levied on certain land, and Davis claimed it as a homestead in behalf of his wife and children. He filed equitable pleadings, alleging that the debt, to secure which the mortgage was made, was incurred prior to 1865, and that no suit was brought prior to 1870; that in 1871, after the mortgage was given, by agreement between the parties, small notes were given in lieu of the original note secured by the mortgage, so as to give the creditor the right to sue in a justice's court; and the notes were so sued.

Davis *vs.* Dunn.

This, it was claimed, was a novation, and cancelled the mortgage: Claimant also pleaded bankruptcy, and that no affidavit was filed by the plaintiff prior to the levy on the homestead under §2028 of the Code.

The bill of exceptions recites that there was a verdict finding the property subject; that a motion for new trial was made and overruled, and that the claimant thereupon excepted. Error was assigned because the court overruled the motion; because he held that it was unnecessary to file an affidavit before levy on the homestead in this case; because he held that the debt, being created prior to 1868, was superior to the homestead, and that the discharge of Davis in bankruptcy did not affect the right of the mortgage to assert his lien. No motion for new trial appears in the record.

D. A. VASON; A. HOOD & SON; J. J. BECK; J. S. BOYNTON, for plaintiff in error.

C. B. WOOTEN, for defendant.

JACKSON, Chief Justice.

1. The bill of exceptions refers to a motion for a new trial and grounds thereof in the transcript of the record. No such motion appears there; for want of it the case cannot be intelligently ruled; and as no suggestion of a diminution of the record was made, or time asked within which to perfect it, we see no proper action, in view of the rights of all parties and counsel, but to dismiss the writ of error.

2. The debt was created prior to the constitution of 1868, and the homestead under that constitution could not affect it. 53 *Ga.*, 485. The transaction was not a novation, but a mere renewal of the old note. See same case.

3. Section 2028 of the Code has no application to this case, because this homestead was always subject to this debt, being a debt made before the constitution of 1868,

and was liable to be levied on, without regard to those " classes for which the homestead is bound under the constitution," such as purchase money, removal of encumbrances, etc. So that the very words of section 2028 leave out this debt as one requiring an affidavit before levy.

Therefore, whether the case be heard or not, the judgment would be an affirmance. But as there is no motion for a new trial in the record, and no evidence in the bill of exceptions, the better disposition of the case is to dismiss it, and thereby affirm the judgment.

Writ of error dismissed.