### 7526.  FOY-ADAMS CO. v. SMITH.

Where the payee of a promissory note for the purchase-price of personal property, in which title is reserved in the vendor, takes a new note, and cancels and surrenders the old note, the consideration of the new note being partly a renewal of the old note and partly the sale of additional property, and title to both the original and the additional property being reserved therein, these facts constitute such a novation of the first contract as will work a discharge of the original lien, as to an intervening purchaser for value of any part of the original property.

DECIDED JANUARY 23, 1917.

Levy and claim; from city court of Tifton—Judge Eve.  May 16, 1916.

On April 23, 1913, the Foy-Adams Company sold to R. T. Tatum, for the agreed price of $244, certain property described in the purchase-money note as follows: "one black mare mule, about six years old, known as the Marchant mule; also one gray mare, named Bess; also one 2-¾ White Hickory wagon." By the terms of the note, title to this property was to remain in the Foy-Adams Company until payment of the debt.  The contract was duly recorded on April 26, 1913.  On October 29, 1913, at which time this note was unpaid, the Foy-Adams Company sold Tatum additional personal property described as one top Norman buggy and harness, and one open stick seat Blount buggy and harness, and took from him a new note in the sum of $390.37, the consideration of which was partly a renewal of the old note and partly the purchase of the additional property.  The new note reserved title to both the original and the additional property purchased, and was duly recorded.  At the time of the execution of the second note the Foy-Adams Company surrendered to Tatum the original note and gave an order authorizing its cancellation on the record.  In the agreed statement of facts it is stated that after the surrender of the first note, the Foy-Adams Company no longer claimed any rights thereunder.

At the time the first note was taken, the mare "Bess," described therein, was with foal, and, before the giving of the second note, gave birth to the colt mentioned in the second note, and this colt is the sole subject-matter of this litigation.  After its birth R. T. Tatum sold the colt to his brother, W. T. Tatum, and he in turn, four months prior to the making of the second note, sold it to the

claimant in this case, who, it is admitted, paid full value therefor. On September 10, 1914, the Foy-Adams Company instituted an action of trover against R. T. Tatum in the city court of Tifton, for the recovery of the property described in the second note, including the colt in dispute; the defendant gave a replevy bond, which was signed by M. A. Howard as security, and, on January 14, 1914, the plaintiff recovered a judgment in that case, against Tatum as principal and M. A. Howard as security on the above-mentioned bond, which judgment provided that the plaintiff should have a special lien against the property sued for. Execution issued on the judgment and was levied on the property described in interposed by Eric Smith, the purchaser of the colt. Upon the issue thus formed (which was tried on an agreed statement of the second note, including the property in dispute. A claim was facts, before the judge of the city court, without the intervention of a jury) judgment was rendered, finding the property in dispute cution excepted.

not subject to the levy; and to this judgment the plaintiff in exe-

*R. D. Smith*, for plaintiff.

*J. S. Ridgdill, C. C. Hall*, for defendant.

JENKINS, J. (After stating the foregoing facts.) 1. It is granted by each of the parties litigant that, the mare being with foal at the time the first note was taken and the reservation of title made, the increase, as a matter of law, followed the dam, and that up to the taking of the second note the lien attached to the colt under the reservation made in the first note in favor of the payee thereof. Therefore, the sole question for this court to determine is whether the surrender of the first note and the taking of the new note, under the facts as stated, amounted to such a novation of the original contract as would divest the title thereto held by plaintiff, in so far as the rights of claimant are concerned. We think that it did. The law is well recognized that a contract may be renewed between the same parties, as to the same subject-matter and upon the same consideration, without working a novation. Civil Code (1910), § 4226.

In the case of *Partridge* v. *Williams*, 72 *Ga.* 807, the Supreme Court said: "We think the mere renewal of a note, at the same rate of interest, is not a novation; no new parties are added, and no new consideration passes." In *Bonner* v. *Woodall*, 51 *Ga.* 177,

the court said: "The renewal contract was to pay him the same amount, with the lawful interest due thereon, for the same con-.sideration, and there is no pretense that there was any other consideration." From *Wofford* v. *Gaines*, 53 *Ga.* 485, we quote as follows: "If it be renewed, it is renewed with one of the parties to it, and the renewal is simply a contract fixing a new day as to the same matter and with no new or different consideration." In the case of *Farkas* v. *Third National Bank*, 133 *Ga.* 755 (66 S. E. 926, 26 L. R. A. (N. S.) 496), this language is used: "While it is the law that the mere taking of a new note or mortgage, the debt evidenced by the former and the property embraced in the latter being the same, will not discharge or displace the lien of an existing mortgage, it is equally well-settled law that where the new transaction involves the payment and satisfaction of the first mortgage, the mortgagee's rights are dominated by the intervening liens of third persons, liens acquired subsequently to the execution of the first, and prior to the execution of the second mortgage."

Counsel for the plaintiff in error, in his thorough and painstaking brief, calls special attention to the rule announced in the case of *Carlton Supply Co.* v. *Battle*, 142 *Ga.* 605 (83 S. E. 225, L. R. A. 1916A, 926), as controlling the case at bar, but we do not think that there is any lack of harmony in the ruling there announced with the principle of law already recognized by our Supreme Court in the cases from which we have quoted. In the case of *Carlton Supply Co.* v. *Battle*, supra, there were a number of notes executed and. payable at different times, reserving title to different mules. Different payments had been made on different notes; the amounts of the unpaid notes were consolidated and one new contract was made, in which the title to all of the property described in the various notes was reserved.. We do not think that the facts in that case are at all analogous to those of the case at bar. The renewal note in that case contained the following language: "All the above property being the same property bought and mortgaged to J. J. Battle as indicated by Nos. from 1 to 8, and this note is given to extend the old notes only, and to stand in lieu of said notes." In the opinion in that case it was said: "The taking of a second mortgage for the same debt, upon the same property, does not of itself extinguish the first."

The descriptions of the property embraced in the first and sec-

ond notes respectively would indicate that a substitution was made as to the mule upon which the lien existed; and this, if true, would constitute an additional reason sufficient to operate a discharge of the lien under the original contract; but in the agreed statement of facts we find it stated that the property set forth in the two notes is the same, with the exception that the colt, born after the making of the first note, was included in the second; and we therefore consider that this point, if the facts be as they appear, is waived.

It is our opinion that the trial judge did not err in finding the property not subject; and the judgment of the court below is

<em>Affirmed. Broyles, P. J., and Bloodworth, J., concur.</em>