## 14857.  GEORGIA NATIONAL BANK *v.* FRY.

1. A new note given in lieu of an existing note between the same parties and for the same indebtedness, even at a higher rate of interest and due at a later date, is not given for a new consideration, and therefore does not constitute a novation.  Civil Code (1910), § 4226.

(*a*) This is true though the payee retain possession of a dishonored check received from the maker in part payment of the original note, but the amount of which is included in the new note.  The check is merely cumulative proof of the obligation.

(*b*) This is further true though the new note be given for a debt discharged in bankruptcy.  The new note merely revives or extends the original liability.  Civil Code (1910), § 4386.  See, in this connection, *American Mortgage Co.* v. *Rawlings*, 127 *Ga.* 82 (56 S. E. 110).

(*c*) The check not constituting the original obligation, but being cumulative of the new note, a novation cannot result from the new note being a different contract from the check.

(*d*) Where it does not appear that the original note was not under seal, there being no presumption that it was not under seal, the new note does not, because of being under seal, appear to be a novation.

2. Nor does the taking of a new note in lieu of the original note, which was surrendered, amount to a satisfaction of the indebtedness, in the absence of an express agreement to that effect.  Civil Code (1910), § 4326.

3. A composition among creditors of a bankrupt does not amount to a satisfaction of his indebtedness, but operates only as does a discharge in bankruptcy, which the bankrupt may plead as a bar to the enforcement of his obligation to pay the balance due on the indebtedness.  Bankruptcy act, § 14 c; 1 Collier on Bankruptcy (13th ed.), 458, 460, 461, 472.

4. The payee of a check who deposits it in a bank for collection may recover against that bank for negligent failure to present it for payment to the bank upon which it was drawn and in which the maker had on deposit sufficient funds to pay it.  Civil Code (1910), § 2362; *Bailie* v. *Augusta Savings Bank*, 95 *Ga.* 277 (21 S. E. 717, 51 Am. St. R. 74).  Where, in case of bankruptcy of the maker, a composition is made with his creditors, whereby the payee receives out of the maker's assets payment of a part of the indebtedness represented by the dishonored check, or accepts a new note which does not amount to a novation or to an accord and satisfaction of the indebtedness, the part payment or new note does not constitute a satisfaction of his right to recover against the bank for negligent failure to collect the check.

5. The payee's right to proceed against the maker of the check, either at common law or by proof of his claim in bankruptcy, to recover on the indebtedness represented by the check is a remedy consistent and concurrent with the payee's right to proceed against the bank for a negligent failure to present the check for payment.  Therefore the pursuit by the payee of his claim in bankruptcy against the maker of the check will not bar his right to recover against the bank.  Civil Code (1910), § 5522.  The amount received as a result of the composition

by the payee of the check, and applied on the indebtedness represented by the check, can, of course, be pleaded pro tanto by the bank in reduction of damages.

6. It is no defense for the bank's negligent failure to present the check for payment that the payee or plaintiff received the check as a preferred creditor of the maker within four months before the filing of a petition in bankruptcy against the maker, and that such transaction was voidable by the trustee in bankruptcy under § 60 b, of the bankruptcy act. Such transaction being voidable only by the trustee, its invalidity cannot be pleaded by the bank against the payee's right to recover. 1 Collier on Bankruptcy (13th ed.), 830.

7. This being a suit by the payee of a check, to recover damages against the bank in which he had deposited it, for the bank's negligent failure to present it to the drawee bank for payment, and there being no evidence from which it could be inferred that the note afterwards given by the maker of the check to the payee amounted to a novation, or to an accord and satisfaction of the indebtedness represented by the check, it was not error for the court, when instructing the jury hypothetically upon the plaintiff's right to recover, to eliminate such defense.

8. The charge of the court contained no expression of opinion on the facts.

9. Applying the above rulings, the court did not err in sustaining the demurrer to the defendant's plea, or in the charge to the jury.

10. The plaintiff's measure of damages is prima facie the face value of the check, which may be reduced or mitigated by any subsequent payment thereon received by the payee, or perhaps defeated by the solvency of the maker. 7 C. J. 623, 624. It being clearly inferable from the evidence that the maker, who had been adjudicated a bankrupt within ten days after the check was dishonored, was therefore insolvent, the verdict found for the plaintiff in the amount of the check, less a fifteen per cent. payment thereon out of the bankrupt's estate as the result of a composition, was authorized by the evidence.

DECIDED SEPTEMBER 22, 1924.

Complaint; from city court of Albany—Judge Clayton Jones. June 13, 1923.

On September 2, 1921, W. C. Dunham, being indebted to E. A. Fry a balance of $2,600 on a promissory note, delivered to Fry a check for $1,012.50, payable to Fry and drawn upon the Citizens First National Bank of Albany. Fry immediately deposited the check with the Georgia National Bank of Albany, but it appears that the check was not presented to the bank upon which it was drawn until the 7th or 8th of September, when it was dishonored for insufficient funds. It appears that September 2 was a Friday, and that September 4, being Sunday, and September 5, being labor day, were legal holidays. Dunham had on deposit in the Citizens First National Bank, from September 2 to September 6,

as much as $1,047.65. On September 7 his balance was reduced . to $47.65 by reason of a charge of $1,000 against it made by the Citizens First National Bank, in payment of a note of Dunham to that bank, falling due on that date.

On September 16, 1921, Dunham was adjudicated a bankrupt. On February 8, 1922, Fry filed a proof of claim in bankruptcy for the $2,600 due on his note against Dunham, which included the amount represented by the check, and he afterwards received a fifteen per cent. payment on this claim, which was paid by virtue of a composition, the amount being $390, thus reducing the amount of the indebtedness to $2,210. An adjustment between Dunham and Fry was made by a surrender to Dunham of the $2,600 note and the taking by Fry of a new note from Dunham for the balance due, less $10 representing an adjustment of another matter. The taking of the new note was not accompanied by any express agreement that it should amount to a satisfaction of the original indebtedness. This last note, which was under seal, was in the sum of $2,200, and was dated February 1, 1922. It does not appear whether the original note was under seal or not. The dishonored check, however, was retained by Fry. Thereafter Fry brought suit against the Georgia National Bank to recover damages in the amount of the check upon the alleged negligence of that bank to use due diligence in presenting the check for payment.

The defendant in its plea denied the allegations of the plaintiff's petition, and pleaded the acceptance by the plaintiff of the sum paid as the result of the composition in bankruptcy and the taking by the plaintiff of the new note in lieu of the original note, which he alleged was a novation, as an accord and satisfaction of the plaintiff's claim against Dunham, represented by the dishonored check, and that therefore the plaintiff's claim against the defendant had been satisfied. The defendant pleaded also that the plaintiff could not recover any loss due to his failure to receive the money called for by the check, since the payment of the check to the plaintiff by Dunham within four months prior to Dunham being adjudicated a bankrupt was a preference void under the bankruptcy act.

The plaintiff's motion to strike these defenses was sustained. The case proceeded to trial and the material evidence was as above narrated. The jury found for the plaintiff in the amount of the

check, less 15 per cent., which per cent. represented the amount apportionable to that part of the indebtedness represented by the check paid as a result of the composition. The defendant moved for a new trial on the general grounds and on various special grounds. To the judgment denying this motion and to the striking of certain defenses the defendant excepted.

*D. H. Redfearn,* for plaintiff in error.

*Lippitt & Burt,* contra.

STEPHENS, J. (After stating the foregoing facts.) The syllabus sufficiently covers all of the exceptions of the plaintiff in error, and no further elaboration or opinion is necessary.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

---

## 14899. HOPKINS v. KING.

STEPHENS, J. 1. Where a married woman executed a promissory note jointly with her husband for borrowed money paid to the husband, a written statement made by her to the payee at the time of the execution of the note and before the payment of the proceeds to the husband, that "she was making the loan for her own uses," and that the note was not given as a security for the debt of the husband, was evidence which would authorize the inference that she, when executing the note, did not in fact do so as surety for the husband, but did so as her own original undertaking, and that when the husband received the proceeds of the note he did so as agent for the wife. This is true although the entire proceeds of the note were received by the husband and applied by him to his exclusive benefit. The ruling here made is not in conflict with *Dobbins* v. *Blanchard,* 94 *Ga.* 500 (21 S. E. 215). If it is in conflict with paragraph 3 of that decision, it is nevertheless supported by the authority of the act of 1826, as codified in the Civil Code (1910), § 3556, which act was not referred to in *Dobbins* v. *Blanchard*; and it is also supported by previous decisions of the Supreme Court in *Schofield* v. *Jones,* 85 *Ga.* 816 (11 S. E. 1032) ; *Higdon* v. *Bailey,* 26 *Ga.* 426; *Bank of St. Marys* v. *Mumford,* 6 *Ga.* 44, and by *Seymour* v. *Bank,* 157 *Ga.* 99 (121 S. E. 578). The ruling here made is also not inconsistent with paragraph 5 of the syllabus in *Dobbins* v. *Blanchard,* when that paragraph is construed in the light of the entire decision.

2. There was no error in casting the burden of proof upon the defendant, who in her plea had admitted the execution of the note and set up the defense of suretyship for the debt of her husband.

3. In a suit by the creditor against the wife, the court erred in directing a verdict for the defendant.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 22, 1924. REHEARING DENIED OCTOBER 4, 1924.