EXCHANGE NATIONAL BANK, APPELLEE, V. STEPHEN
SCHULTZ ET AL., APPELLANTS.

FILED APRIL 16, 1925. No. 23043.

1. Bills and Notes: PAYMENT. The making and the accepting of a
   new promissory note for an existing one is not a payment of the
   maker's original indebtedness, unless there is a specific agree-
   ment to that effect.
2. Appeal: HARMLESS ERROR. Putting the burden of proof on the
   wrong party is not a ground for reversing a judgment, where
   the record shows that the error did not prejudice appellant.
3. ———: CONFLICT OF EVIDENCE. Where the evidence is in sub-
   stantial conflict, but sufficient to sustain the finding of the jury,
   their verdict on the issue of fact is conclusive.

APPEAL from the district court for Adams county: LEWIS
H. BLACKLEDGE, JUDGE. *Affirmed.*

*Bruckman & Paulson* and *James & Danly*, for appellants.

*Tibbets, Dungan & Tibbets, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS,
JJ., REDICK and SHEPHERD, District Judges.

ROSE, J.

This is an action on a promissory note for $2,000 dated
March 22, 1917, and payable 60 days hence. The payee
was the Exchange National Bank of Hastings, plaintiff.
The makers were Stephen Schultz, Harry E. Schultz, and
Ezra E. Schultz, defendants. The answer contained an
admission that defendants executed the note, but there
was a denial of other facts alleged in the petition. The
real defense pleaded was the making and the accepting of
a new note in payment of the indebtedness evidenced by
the note in suit. This was denied by a reply. The action
was dismissed as to Stephen Schultz on the ground that he
had been discharged in bankruptcy. The evidence showed
that by the payment of interest and the application of divi-
dends declared in the bankruptcy court plaintiff's claim
was reduced to $1,857. For that sum the jury rendered

a verdict in favor of plaintiff and against Harry E. and Ezra E. Schultz, who will be designated as "defendants." The latter have appealed.

Defendants contend that plaintiff did not make a case and that there should have been a nonsuit. After the evidence had been adduced on both sides, the trial court reduced the controversy to a single inquiry: Did the makers of the note in suit execute a new note which the payee in both accepted as a payment of the indebtedness evidenced by the former note? This question was submitted to the jury under the rule of law that the making and accepting of a new promissory note for an existing one is not a payment of the maker's original indebtedness, unless there is a specific agreement to that effect. *Berwyn State Bank v. Swanson,* 111 Neb. 141. A critical examination of the entire record leads to the conclusion that the only defense available to defendants under the pleadings and the proof was payment in the manner indicated. On behalf of defendants, witnesses testified, in substance, that a new note was given and accepted in payment and discharge of the indebtedness evidenced by the former note and that the managing officer of plaintiff agreed to cancel the note in suit and return it to defendants. On the contrary, that officer testified in effect that the new note was given and accepted as a renewal under an agreement permitting plaintiff to retain the old note as evidence of the original indebtedness and of the liability of each of the makers for the payment thereof. In addition, plaintiff in fact retained the note on which the action is based. There was therefore a substantial conflict of testimony on the vital issue in the case. The evidence being sufficient to sustain a judgment in favor of plaintiff, the verdict of the jury is conclusive.

There is further contention that the trial court erroneously put the burden of proof on defendants. Assuming, but not deciding, there was error in this respect, prejudice to defendants is not shown. They were permitted to present fully their only defense under the pleadings and they

had the advantage of the opening and the closing. No error prejudicial to defendants has been pointed out or found.

AFFIRMED.