(No. 5169.   May 23, 1929.)

CLARENCE GIBBS, Respondent, v. HARVEY CHRIS-TENSEN, A. L. ANDREASON, JOE CHRISTENSEN, JOHN ROGHARR, Appellants.

[277 Pac. 814.]

Peterson, Baum & Clark, for Appellants.

Walter H. Anderson, for Respondent.

GIVENS, J.—█ Certain notes signed by defendants were past due and unpaid. New notes, signed by Harvey

Christensen only, were delivered by him to respondent. The old notes were retained by respondent and neither the old or new ones being paid, he brought suit on the old notes. All signers except Rogharr defaulted. He contends that the new notes were delivered and accepted as payment in full. Respondent urges that they were renewals only and insists on the continuance of the obligation against all the signers on the old notes. At the conclusion of the testimony both parties moved for a directed verdict; hence only a question of law was presented. The question now is whether there was sufficient evidence to support the conclusion of the court viewed as a verdict of the jury in favor of the respondent, not whether there was conflicting evidence which should have been submitted to the jury. (*McCall v. First Nat. Bank, ante*, p. 519, 277 Pac. 562; *Oregon Short Line R. Co. v. Mountain States Tel. & Tel. Co.*, 41 Ida. 4, 237 Pac. 281.)

The burden of proof was on appellant to show that the new notes were taken as payment. (*Anglo-California Trust Co. v. Wallace*, 58 Cal. App. 625, 209 Pac. 78; *Bradley v. Harwi*, 43 Kan. 314, 23 Pac. 566; *Webb v. National Bank of the Republic*, 67 Kan. 62, 72 Pac. 520; *Blenz v. Fogle*, 127 Wash. 224, 220 Pac. 790; 21 R. C. L. 76, sec. 78.)

That the new notes were given and accepted as payment must be clearly proven. (*Anglo-California Trust Co. v. Wallace, supra; Newman v. Nickell*, 50 Cal. App. 138, 194 Pac. 710; *Georgia Nat. Bank v. Fry*, 32 Ga. App. 695, 124 S. E. 542; *Lynes v. Holt-Taylor Merc. Co.* (Mo. App.), 268 S. W. 702; *Exchange Nat. Bank v. Schultz*, 113 Neb. 346, 203 N. W. 496; *Frost v. First State Bank & T. Co.* (Tex. Com. App.), 276 S. W. 222; *Sainsbury v. Wapato Fruit etc. Co.*, 132 Wash. 455, 232 Pac. 331.)

The evidence was of such a nature as to justify the court's conclusion that the notes were not accepted as payment. (*Smith v. Thomas*, 42 Ida. 375, 245 Pac. 399.)

The judgment is affirmed. Costs awarded to respondent.

Budge, C. J., and T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.