FELDPAUSCH v. HENDERSHOT.

1. PAYMENT—CONTRACTS—JOINT OBLIGATION—NOTE GIVEN BY JOINT DEBTOR.

   In action against joint defendants on written contract, where obligation to pay full consideration was joint, contract controls, and claim that note given by one joint debtor, which has not been paid was personal obligation and accepted by plaintiffs as payment, is without merit.

2. SAME—ACCEPTANCE OF NOTE OF JOINT OBLIGOR NOT PAYMENT.

   In absence of express agreement to contrary by creditor, acceptance of note of one or more joint obligors bound for a preexisting debt is not payment thereof, and does not release other joint obligors who did not sign note.

3. SAME—JOINT OBLIGATION.

   Where defendants jointly agreed to convey certain pieces of property to plaintiffs with right to rents after certain date, and to install furnace in one of said properties, defendants are jointly liable for rents collected on said property by one defendant after said date, who gave his note therefor but failed to pay it, and also for price of furnace which defendants installed but which plaintiffs had to pay for in order to retain it.

On effect of taking note of joint debtor, see annotation in 35 L. R. A. (N. S.) 61.

Appeal from Superior Court of Grand Rapids; Verdier (Leonard D.), J. Submitted October 16, 1931. (Docket No. 131, Calendar No. 35,947.) Decided December 8, 1931.

Assumpsit by Albert Feldpausch and others against George Hendershot and others for sums due under a contract for the sale of a business. Judgment for plaintiffs. Defendants Hendershot appeal. Affirmed.

*McAllister & McAllister,* for plaintiffs.

*Cornelius Hoffius* and *Dorr Kuizema,* for defendants Hendershot.

WIEST, J. Plaintiffs owned the premises and conducted a wholesale sausage and meat market business on Diamond street, S. E., in the city of Grand Rapids. Defendants wanted to purchase the property, fixtures, and business. February 1, 1927, the parties entered into a written contract, under which plaintiffs sold and defendants, jointly, agreed to purchase the property and business at the sum of $45,000, and an additional sum for merchandise, to be determined by an inventory. As part of the purchase price of $45,000, defendants agreed to convey certain real estate in the city of South Bend, Indiana, and to convey certain property in the city of Grand Rapids and install a furnace therein. The conveyances were executed by the parties. The mentioned inventory was taken and the amount to be paid by defendants determined to be the sum of $7,778.55; $5,000 was paid by defendant George Hendershot, leaving the balance of $2,778.55, for which a note was signed by defendant Voss, payable to Leo Feldpausch and Albert Feldpausch, secured by chattel

mortgage on the inventoried property. A furnace was installed but not paid for and plaintiffs, in order to keep it, had to assume the debt and paid $159.05. After execution of the contract defendant George Hendershot collected $600, as advance rent on the South Bend property, and later gave his note for that amount, payable to Feldpausch brothers.

Plaintiffs brought this suit to recover the balance due under the inventory, the $600 rent collected in advance, and the amount paid to retain the furnace, and had judgment therefor.

Upon appeal it is claimed in behalf of defendants that it was understood at the time of the contract that defendants were not jointly interested. It is contended that the note and chattel mortgage, given by Voss, was by mutual arrangement his personal obligation and so accepted by plaintiffs.

The written contract controls, and the obligation to pay the full consideration was joint. The note and chattel mortgage have not been paid and the proof fails to show that the same were given and accepted by plaintiffs in payment.

"The taking of a note of one joint debtor is generally held not to be a payment of the joint debt, unless there is an agreement to that effect, the presumption being, it seems, that it was intended as collateral security only." 21 R. C. L. p. 76.

See *Gibbs* v. *Christensen*, 47 Idaho, 658 (277 Pac. 814).

"In the absence of an express agreement to the contrary by the creditor, the acceptance of the note of one or more joint obligors bound for a pre-existing debt is not a payment thereof, and does not release other joint obligors, who did not sign such note." *Watson* v. *First State Bank of Dallas* (Tex. Com. of App.), 237 S. W. 1106.

See, also, *Valade* v. *Masson,* 135 Mich. 41. There was no such agreement.

Plaintiffs were to have the South Bend property, with right to rents after the first day of February, 1927. They got the property but not the rents. The obligation of defendants was joint in this respect and not changed by the note of George Hendershot. That note has not been paid. The obligation to install a furnace was joint and defendants are jointly liable for the money paid by plaintiffs for the furnace.

The judgment is affirmed, with costs.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.