## 25738. FARMERS AND MERCHANTS BANK OF CHARING v. ROGERS.

JENKINS, P. J. 1. "Although, under our statute and the general rule, 'bank checks and promissory notes are not payment until themselves paid' (Code, § 20-1004), they nevertheless constitute payment if the creditor has agreed to accept or has received them as such." *Nash Motors Co.* v. *Harrison Co.*, 52 *Ga. App.* 333, 335 (183 S. E. 202), and cit. Where, after the execution of a promissory note, a renewal or new note is executed for the same debt, it is the general rule that the second instrument does not of itself operate as a payment, or accord and satisfaction, or novation extinguishing the first note, unless there is an agreement between the parties to that effect. *Foy-Adams Co.* v. *Smith*, 19 *Ga. App.* 172 (91 S. E. 242), and cit.; *Harrell* v. *First National Bank*, 21 *Ga. App.* 159, 160 (93 S. E. 1018); *Georgia National Bank* v. *Fry*, 32 *Ga. App.* 695 (124 S. E. 542); 8 C. J. 569-571; 46 C. J. 589-591. The existence of such an agreement in connection with the execution of the second note may be shown by parol evidence. *Fisher* v. *Jones Co.*, 93 *Ga.* 717 (21 S. E. 152); *Kennedy* v. *Walker*, 156 *Ga.* 711 (2) (120 S. E. 105); *Brantley Co.* v. *Lee*, 106 *Ga.* 313, 316 (32 S. E. 101); *Butts* v. *Maryland Casualty Co.*, 52 *Ga. App.* 838 (84 S. E. 774).

2. In this suit by a payee bank against a maker on an unsecured promissory note, the evidence did not demand a verdict in favor of the bank against the defendant's plea that the original note sued on was satisfied by the substitution of a subsequently signed mortgage note. Therefore, the verdict directed in favor of the plaintiff bank not being demanded, the court did not err in granting a first new trial on motion of the defendant. *Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED NOVEMBER 18, 1936. REHEARING DENIED DECEMBER 17, 1936.

*Homer Beeland, Jule Felton, Jule W. Felton, Dan S. Beeland,* for plaintiff.

*R. L. LaSueur,* for defendant.

ON MOTION FOR REHEARING.

JENKINS, P. J. In their motion for rehearing counsel for the bank insist that it was error to grant a new trial because the evidence demanded a verdict for the plaintiff bank. Their contentions are, in effect: (1) that any agreement that the second note should extinguish the first must have been embodied in the second instrument itself, or be set forth in an independent writing; (2) that there must have been an express contract as to such extinguishment, and the testimony of the defendant as to what the bank cashier said when the second note was given was not sufficient to show any such "agreement;" (3) that the testimony of the defendant, construed most strongly against him, showed that no such agreement was in fact made; (4) that "the action of the board of directors is in writing, produced at instance of and introduced by the defendant," and the testimony of the vice-president and director of the bank that it was his "understanding that the mortgage note was given and passed upon by the directors of the bank, to take the place of the note here sued on," was without probative value.

1. The first of these contentions has been dealt with in the slightly modified first note of the syllabus.

2. As to the remaining contentions, we think that the evidence fails to show that the verdict was demanded in favor of the plaintiff on the question whether or not it was the understanding between the plaintiff and the bank that the second instrument was given in substitution for and in extinguishment of the first. When first on the stand, the defendant swore that the first note was executed as a "temporary note" in an emergency, which, he explained, was to enable him to unload a car-load of corn. When recalled to the stand, he swore that when the first note was executed the cashier said he would have the mortgage note ready later, and when it was fixed it would "do away with this temporary note;" and that later, at the time of the signing of the second note and mortgage, the cashier said, "This will kill the little note." We do not think that the defendant's testimony comes within the rule invoked by counsel, although it is true, as shown by movant, that the defendant,

when first on the stand and near the close of his testimony, said, "I think that is all that was said between me and [the cashier] at the time of this transaction," and "I think that I have told the jury all that transpired between [him] and myself regarding the transaction, I think that is all concerning the making of the note." This is true because the testimony of the defendant on recall, as to the cashier's language when the first note was signed, is not contradictory of or materially different from the defendant's previous version of what occurred at the signing of the first note, although his answers expressed the same idea in a slightly different way. When first on the stand, the answers of the defendant sought to state the understanding of the parties when the first note was signed. On being recalled, his answers sought to state the language of the cashier setting up the same understanding. When first on the stand, the defendant testified that he signed the first note because the cashier "didn't have time to draw up this mortgage note;" that the cashier said, "Sign this plain note and come back later, and I will have this note ready when you come back;" that he never called for the first note, and supposed it had been thrown in the wastebasket, since it was just a *"temporary note* to accommodate me to unload the corn until I came home, and this note was made and I signed it." It seems to us that what the defendant swore on recall as to the nature of the understanding when the first note was signed, as well as when the second note was signed, is not out of harmony with his previous evidence when first on the stand as to what was said when the first note was signed. Throughout all the testimony, the first note was but a "temporary note" given in an emergency to facilitate the unloading by the defendant of a car-load of corn, and was to continue only until the second note could be prepared and signed.

We think that the defendant's evidence as to the transaction prevented a verdict being demanded for the plaintiff. But there was also other evidence. Upon movant's contention that there was no testimony, other than the defendant's, as to the alleged agreement of satisfaction, we are of the opinion that the testimony of the vice-president and a director of the bank was sufficient to make a jury issue. He testified that he "was a director of the bank at the time and passed on these loans," and "it was my *understanding* that the mortgage note was given and passed upon by the directors

44

of the bank, to take the place of the note here sued on." His use of the word "understanding" with reference to the facts testified did not deprive his evidence of *probative value*. *Bull* v. *Carpenter*, 32 *Ga. App.* 637, 639 (124 S. E. 381). Although it is contended that "the action of the board of directors is in writing, produced at the instance of and introduced by the defendant," we do not find any such writing in the record; and therefore, since no exception appears to the admission of the oral testimony, it cannot be discarded. *Motion denied.*