27489. COHEN'S DEPARTMENT STORES INC. *v.*
SIEGEL *et al.*

DECIDED MAY 3, 1939.

*Briggs Carson Jr.,* for plaintiff in error.
*Steve F. Mitchell,* contra.

SUTTON, J.   Joseph J. Siegel and Pearl S. Siegel, trading as Joseph J. Siegel & Company, sued Cohen's Department Stores Inc., on a trade acceptance for $115.45, dated January 24, 1938, and due April 15, 1938.   The defendant filed an answer and set up that on January 24, 1938, it executed two trade acceptances to the plaintiff, one for $115, due March 15, 1938, and the other for $115.45, due April 15, 1938, payment of both of which was refused upon the maturity thereof; that on or about June 1, 1938, the plaintiffs, through their duly authorized agent, requested the defendant to execute postdated checks in lieu of the said trade acceptances, which were to be surrendered to the defendant, and in compliance with this request and agreement the defendant executed to the plaintiffs a check dated August 10, 1938, for $115, in payment of trade acceptance No. 1, and a check dated August 20, 1938, for $115.75 in lieu of trade acceptance No. 2, the one sued on; that the check dated August 10, 1938, for $115, given in payment of trade acceptance No. 1, was presented on the due date thereof, to the bank by the plaintiffs and was paid, and that the check dated August 20, 1938, for $115.75, given in lieu of the trade acceptance here sued on, was returned to the defendant on August 11, 1938, with

the following notation thereon, "Refused, 8/11/38, Jos. J. Siegel and Company by S. F. M., attorney;" that the present suit was prematurely brought, as it was filed on August 11, 1938, whereas the maturity of the indebtedness was extended until August 20, 1938, by the execution and acceptance of the postdated check of that date, based upon a good and valid consideration. The plaintiffs demurred to the defendant's answer, on the ground that it set up no legal defense. This demurrer was sustained and final judgment was entered in favor of the plaintiffs. The exception is to that judgment and to the order sustaining the demurrer and dismissing the defendant's answer.

"Bank checks and promissory notes are not payment until themselves paid." Code, § 20-1004. "The law is well recognized that a contract may be renewed between the same parties, as to the same subject-matter and upon the same consideration, without working a novation." *Foy-Adams Co.* v. *Smith*, 19 *Ga. App.* 172 (91 S. E. 242) ; Code, § 20-115. "If it be renewed, it is renewed with one of the parties to it, and the renewal is simply a contract fixing a new day as to the same matter and with no new or different consideration." *Wofford* v. *Gaines*, 53 *Ga.* 485. "A new note given in lieu of an existing note between the same parties and for the same indebtedness, even at a higher rate of interest and due at a later date, is not given for a new consideration, and therefore does not constitute a novation." *Georgia National Bank* v. *Fry*, 32 *Ga. App.* 695 (124 S. E. 542). A note is an evidence of the indebtedness for which it is given; and a renewal or new note given in lieu thereof, for the same consideration, is also an evidence of said debt, but usually fixes some future date as the due date thereof. A renewal note or instrument is not a novation extinguishing the first one, unless there is an agreement between the parties to that effect. *Farmers & Merchants Bank* v. *Rogers*, 55 *Ga. App.* 38 (189 S. E. 274). It is alleged in the defendant's answer that the plaintiffs held two trade acceptances against the defendant, one due March 15, 1938, and the other due April 15, 1938, and that at the request of the plaintiffs the defendant issued two postdated checks in lieu of the said trade acceptances, one dated August 10, 1938, and the other dated August 20, 1938 ; and it is contended by the defendant that these postdated checks extended the maturity dates of the indebtedness evidenced thereby

until the due dates of the said checks. "If the holder of a bill or a note takes from the maker a new bill or note payable at a future time in the place of it, whether he surrenders the old bill or note or not, and does not take the same merely as collateral and without any agreement for delay, there is an extension of the time of payment, which will preclude him from suing until the new bill or note matures, and will release indorsers or sureties on the old bill or note who do not consent, even though the new note is payable one day after date. The rule applies also where the holder, at or after maturity, takes time drafts or acceptances or a postdated check." 10 C. J. S. 765, § 274. Under the principles of law above announced and the facts alleged in the defendant's answer, the check postdated August 20, 1938, extended the due date of the indebtedness evidenced by the trade acceptance sued on until August 20, 1938. Consequently the suit filed on August 11, 1938, was prematurely brought. The court erred in sustaining the demurrer to the defendant's answer, and in entering a judgment in favor of the plaintiffs.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*