41686.   HORTON v. HUIET, Commissioner.

ARGUED JANUARY 10, 1966—DECIDED JANUARY 20, 1966—
REHEARING DENIED FEBRUARY 21, 1966.

168

*Oze R. Horton,* for appellant.

*Otis L. Hathcock,* for appellee.

EBERHARDT, Judge. 1. A notice to produce may be served on the opposite party to any proceeding requiring the production of records, documents, books, etc. which contain evidence *pertinent to the cause in question. Code* § 38-801. See also *Code Ann.* § 38-2109. If it appears from an inspection of the notice that the records and documents sought are not relevant to the issues before the court it is not error to refuse an order for their production. *E. Frederics, Inc. v. Felton Beauty Supply Co.,* 58 Ga. App. 320 (8) (198 SE 324). It is obvious that the

records and documents listed in the notice here could have no relevancy on the question either of whether claimant had in good faith sought employment or of whether the appeal from the administrative order was timely. They would not have been admissible if produced. *Gow v. Charlotte, Columbia &c. R. Co.,* 68 Ga. 54 (1). Moreover, the notice was couched in broad language, seeking the production of *all* records as of February 13, 1963, relating to Negroes who may have been drawing unemployment compensation. Since the Commissioner's jurisdiction extends throughout the State, this would obviously have included files and records from every county in the State, running into many thousands. Even if *some* of these may have been relevant (which we do not see), no court should impose upon the opposite party the onerous task of producing great quantities of records which have no relevancy. The notice should be specific enough in its demands to relate the documents sought to the questions at issue. While admissibility is a matter to be determined when records, documents, etc., are tendered in evidence and is not a test for determining whether an order requiring production should be entered, pertinence or relevance is. There was no error in the denial of an order requiring production under this notice. See *Virginia-Carolina Chem. Co. v. Hollis,* 23 Ga. App. 634 (2) (99 SE 154).

2. The paragraphs of the appeal to the superior court to which the two special demurrers were directed were no more than allegations that the Appeals Referee was without jurisdiction or authority to hear the appeal. The Act specifically provides that referees may be appointed to serve as the appeals tribunals for the hearing of appeals. *Code Ann.* § 54-614. Since the allegations of these paragraphs were at variance with the law the sustaining of the demurrers was proper.

3. The sole issue which the superior court had before it for determination was whether the finding and order of the Board of Review disallowing or dismissing the appeal from the administrative orders was erroneous for any reason. In affirming, the court determined that there was no error. The only question now before us is whether the superior court was correct in its judgment.

Section 6(b) of the Act (*Code Ann.* § 54-612) provides that if a claimant wishes to contest an administrative determination of his claim, he shall file an appeal therefrom within seven days after the date of notification of the initial determination or after the date it was mailed to his last known address.

There is no question here that the notifications on the two orders were mailed. Claimant admits having received them. A question was raised in her appeal as to *when* the notices were mailed, but she offered no evidence whatever in support of her contention in that respect at the appeal hearing. The Agency introduced the testimony of the employee whose duty it had been to mail the notices and she testified positively that she personally mailed them January 24, 1963. The issue of fact raised in the appeal as to the date of the mailing of the notices was resolved adversely to claimant by the finding of the Appeals Referee upon the basis of the evidence submitted that the notices were mailed January 24. That finding was reviewed and affirmed by the Board of Review. Where there is reliable, probative and substantial evidence to support the findings of fact of an administrative body or trior of fact, they will not be disturbed. *Code Ann.* § 3A-120(h). Consequently, it must follow as a matter of law that the time for appeal expired January 31, 1963, and the filing of the appeal on February 3 was not timely.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*