## 46856. EPPS AIR SERVICE, INC. v. LAMPKIN.

EVANS, Judge. Epps Air Service, Inc., sued Richard L. Lampkin for $191.88 on open account. Lampkin admitted the indebtedness, but filed his counterclaim, as amended, seeking a $13,600 judgment arising out of the purchase by the plaintiff from the defendant of his aviation business for $50,000 whereby he was to be employed by the plaintiff at the rate of $1,000 per month "so long as there was any sum unpaid and owing to the defendant under the terms of the agreement" of purchase. His employment under the contract could be terminated only for "justifiable cause." He contends his employment was illegally terminated before he was paid in full, and the plaintiff owes him for both salary and unpaid balance on the contract.

The case came on for trial before the court without the intervention of a jury at which time judgment was rendered for plaintiff against the defendant on the open account for the sum of $191.88 plus interest as provided by law and for judgment against the plaintiff in favor of the defendant on his counterclaim for the sum of $13,404, plus interest accrued to date of $1,320. Epps appeals from the judgment on the counterclaim. Error is enumerated as to the final judgment and as to plaintiff's objection to defendant's second amendment to the counterclaim, as well as evidence admitted and not allowed in regard thereto. *Held:*

1. The court was authorized to find from the evidence that the defendant, under his counterclaim, was entitled to employment under his contract until the promissory note, given in lieu of the proceeds derived from net profit applied against the indebtedness as found in the contract, was paid in full, subject only to the right of discharge for justifiable cause. A promissory note given for an obligation already incurred is not payment until it is, itself, paid, absent an express agreement or compelling circumstances clearly indicating an intention to accept the note

in payment. *Code* § 20-1004; *Farmers & Merchants Bank v. Rogers,* 55 Ga. App. 38 (189 SE 274); *Cohen's Department Stores, Inc. v. Siegel,* 60 Ga. App. 79 (1) (2 SE2d 762); *Alexander-Seewald Co. v. Questa,* 121 Ga. App. 611 (1) (175 SE2d 92). The evidence did not demand a finding that the note was an accord and satisfaction for the entire contract (*Code* §§ 20-1201, 20-1203, 20-1205). The parties also executed another instrument when the defendant voluntarily took a leave of absence for two months in which the parties mutually agreed "that this leave of absence does not alter or relieve either party of their respective obligations under the original contract." This instrument is dated June 9, 1969, signed by Epps on June 13, 1969; and by Lampkin on June 13, 1969. The note is not dated, but the payments thereunder of $500 were to commence on June 20, 1969. In addition, there was considerable other testimony on which the court could have based its findings.

2. The defendant was thereafter discharged by the plaintiff allegedly for justifiable causes; whereupon the defendant filed a claim for job insurance with the State Department of Labor, Employment Security Agency, appealing the separation grounds, and an appeals referee made a determination after notice and hearing that his discharge was for the convenience of the plaintiff and not for justifiable cause. Plaintiff filed an administrative appeal, which was denied, but no appeal to the superior court was thereafter made; and the decision of the administrative agency as to defendant's cause of separation became final. Certified copies of these administrative proceedings were filed in this suit as grounds for estoppel against the plaintiff to claims defendant was discharged for justifiable cause. This issue could not be relitigated over in this suit inasmuch as the plaintiff was estopped by this judgment. Unemployment Compensation Law of 1937, as amended (*Code Ann.* §§ 54-611 through 54-619; Ga. L. 1937, p. 806 et seq.; 1937-38, Ex. Sess., p. 356 et seq.; 1951, p. 512 et seq.); *Horton v. Huiet,* 113 Ga. App. 166

(147 SE2d 669); *Smith v. Wood,* 115 Ga. App. 265 (1) (154 SE2d 646); United States v. Utah Construction &c. Co., 384 U. S. 394 (86 SC 1545, 16 LE2d 642); *Bender v. Anglin,* 207 Ga. 108, 114 (60 SE2d 756); *Boney v. Bd. of Education, Telfair County,* 203 Ga. 152, 156 (45 SE2d 442). Consequently there is no merit in the enumerated errors that the court erred in allowing the amendment alleging estoppel; in allowing testimony concerning the administrative decision of the State Employment Security Agency, State Department of Labor, and in allowing the certified copy of these proceedings; and in excluding the testimony and evidence of Epps and other witnesses which would have established that defendant was discharged for "justifiable cause" as used under the written agreement.

3. The evidence was sufficient to support the judgment in favor of the defendant, and there is no merit in any of the specifications of error.

*Judgment affirmed. Bell, C. J., concurs. Eberhardt, J., concurs specially.*

Argued January 4, 1972—Decided March 6, 1972—Rehearing denied March 23, 1972—

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Sam F. Lowe, Jr., J. Arthur Mozley,* for appellant.

*Webb, Parker, Young & Ferguson, Paul Webb, Jr.,* for appellee.

EBERHARDT, Judge, concurring specially. Because of the provisions of the written agreement of the parties under date of June 9, 1969, whereby it was agreed that Lampkin might take or be given leaves of absence and that these should not alter or relieve either party of any respective obligation under the original contract and that Lampkin would continue to be eligible for any and all employee benefits, I conclude that it was contemplated that all other provisions of the contract should survive. It appears, too, that this contract was made at or about the time the

undated note for $13,500 was executed by Epps Air Service to Lampkin, to be paid in $500 monthly instalments beginning June 20, 1969.