## 66805. WAGES et al. v. NATIONAL BANK OF WALTON COUNTY.

Pope, Judge.

The National Bank of Walton County brought this action against defendants Clifton C. Wages and Gary B. Smith seeking recovery of the principal, interest and attorney fees on three short-term notes jointly executed by Wages and Smith. A directed verdict in favor of the bank was entered by the trial court as to defendant Smith, and the jury returned a verdict in favor of the bank against defendant Wages. From the judgment entered on the jury's verdict, Wages brings this appeal enumerating as error the trial court's denial of his motion for directed verdict as to one of the three notes sued on.

The gravamen of Wages' enumeration of error is that he was discharged as surety on the subject note by reason of novation. He bases this contention upon the following facts. Shortly after the subject note became due, the interest was paid thereon and defendant Smith executed a renewal note for the same principal amount. Before processing the renewal note the bank held it for Wages' signature, although Smith testified that as the result of an earlier discussion with the bank he understood that the renewal note would not need Wages as surety. When Wages refused to execute the renewal note, it was destroyed and suit was brought on the subject note.

"Where, after the execution of a promissory note, a renewal or new note is executed for the same debt, it is the general rule that the second instrument does not of itself operate as a payment, or accord and satisfaction, or novation extinguishing the first note, unless there is an agreement between the parties to that effect. [Cits.] The existence of such an agreement in connection with the execution of the second note may be shown by parol evidence. [Cits.]" *Farmers & Merchants Bank v. Rogers,* 55 Ga. App. 38 (1) (189 SE 274) (1936). Since the testimony in this case did not conclusively establish that the renewal note was intended by the parties to be a novation of the original debt, the trial court properly denied Wages' motion for directed verdict on that ground. See also *Ga. Nat. Bank v. Fry,* 32 Ga. App. 695 (1) (124 SE 542) (1924). Wages' reliance on *Upshaw v. First State Bank,* 244 Ga. 433 (260 SE2d 483) (1979), is unfounded as that case is factually distinguishable from the case at bar.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

Decided January 16, 1984.

*Walter M. Henritze, Jr., Barry M. Staples,* for appellants.
*William L. Preston,* for appellee.