### 76176. NICOLAY v. GEORGIA HIGHER EDUCATION ASSISTANCE CORPORATION et al.
(370 SE2d 660)

BENHAM, Judge.

Between March 1981 and April 1984, appellant executed seven promissory notes for student loans. In December 1984, she executed an installment loan which established a schedule for payment of the first seven notes. Appellant subsequently filed for relief in bankruptcy and was granted a discharge. Appellee brought suit seeking to recover for all eight notes in March 1987. Appellant's defense was discharge in bankruptcy.

According to 11 USCA § 523 (a) (8), student loans such as the first seven appellant received are not dischargeable. However, appellant contends, the note of December 1984 was given in satisfaction of the earlier notes, relieving her of liability for them, and since the latter note was not directly for educational purposes, it was discharged. *In re Ziglar*, 19 BR 298 (Bkrtcy. E.D. Va. 1982). In support of her contention that the earlier notes were satisfied, appellant submitted her affidavit in which she recounted her "understanding" that the

earlier notes would be satisfied, and averred that she was told that signing the December 1984 note would do away with the "temporary" notes she had signed earlier. The trial court, nonetheless, granted appellees' motion for summary judgment. We affirm.

Each of the first seven notes provided that appellant would later execute an installment note to establish a payment plan, that the installment note would become part of each of the earlier notes, and that failure to execute the installment note would be an event of default. The installment note made reference to the other notes. It is unambiguously clear from the eight documents executed by appellant that the installment note was intended merely to provide a payment schedule, not to extinguish the earlier notes.

Absent fraud, accident, or mistake, none of which is alleged here, parol evidence is not admissible to vary or contradict the terms of a note. *Tyson v. Henson*, 159 Ga. App. 684 (285 SE2d 27) (1981). Appellant's assertion that the installment note was intended to satisfy the others contradicts the clear terms of the notes and was, therefore, inadmissible for that purpose. Furthermore, parol evidence offered to vary the terms of a written instrument, even if erroneously admitted, is without probative value. *Crooks v. Crim*, 159 Ga. App. 745, 748 (285 SE2d 84) (1981). Since appellant's assertions contrary to the terms of the notes have no probative value, there is no probative evidence in the record that the installment note extinguished or replaced the earlier notes.

*Wages v. Nat. Bank of Walton County*, 169 Ga. App. 514 (313 SE2d 771) (1984), standing for the proposition that parol evidence can be used to show that a renewal note was intended to satisfy an earlier obligation, is distinguishable. There, the last note was clearly a renewal and the terms of it were not contrary to the notion that it was intended as satisfaction of the earlier note. The notes involved here contradict such an intent on their faces.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 9, 1988.

*James A. Elkins, Jr.*, for appellant.
*Christine C. Daniel*, for appellees.