70884. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. FRANKLIN et al.
(334 SE2d 728)

DEEN, Presiding Judge.

Appellant Georgia Farm Bureau Mutual Insurance Company (Georgia Farm) issued to appellees Franklin a policy of insurance of the type known as a "farm owners policy," insuring against certain risks and undertaking to defend the Franklins in any action brought against them within the policy's coverage and monetary limits. Portions of the policy relevant to the instant case are as follows:

"I. Coverage G-Personal Liability.

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on ac-

count of such bodily injury or property damage even if any of the allegations of the suit are groundless, false or fraudulent, . . . but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements. . . .

Exclusions . . .

(f) . . . liability assumed by the insured under any contract or agreement not in writing or under any contract or agreement in connection with business pursuits (other than farming) . . .

VIII. Definitions . . . "occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured . . ."

In order to facilitate the shipping of certain products from their farm, the Franklins, some considerable time previous to the incidents giving rise to the instant case, had contracted with appellee Seaboard System Railroad (Seaboard) to run a siding from the line's main track to a certain spot on the Franklins' property where commodities could be loaded into railroad cars. In conjunction with installation of the siding, the Franklins entered into a written agreement with Seaboard to indemnify the latter for injuries occurring on the section of track actually on their property or under their control.

Appellee Blanton, in the course of his employment with Seaboard, came on the part of the siding located on the Franklins' property, and while engaged in job-related duties there, sustained bodily injury resulting from an accident. He brought an action against Seaboard in Federal District Court under the Federal Employees Liability Act (FELA). Seaboard filed a third-party complaint against the Franklins, who called on Georgia Farm to defend the suit. Georgia Farm declined to do so on the basis that there was no coverage because of the "business pursuits" exclusion, supra. The Franklins then sued Georgia Farm, and the trial court found that the Franklins' coverage under the contract extended to the incident in which Blanton was injured. The court entered an order to the effect that appellant was obligated to defend the Franklins in the action brought by Blanton, and would not be liable for damages sought by Blanton for any injuries not occurring on property owned or controlled by the Franklins.

Georgia Farm appeals from this judgment, enumerating as error the trial court's holding that the Franklins were in this instance covered by the policy, and also its holding, allegedly by implication, that appellant could be liable for any verdict and judgment rendered against Seaboard for damages sustained by Blanton on property under the Franklins' ownership or control. *Held*:

It is undisputed that the Franklins' indemnification agreement

with Seaboard was in writing, and that the claim comes within the policy's monetary limits. Appellant contends, however, that the incident does not meet the contractual definition of "occurrence" because it arose out of business pursuits and because the signing of the indemnification agreement was an act "expected" and "intended" by the Franklins.

The fallacious nature of these arguments is obvious, since the latter provision clearly refers to the circumstances producing the injury, not to such an act as the signing of the indemnification agreement. Moreover, it is clear that farming was the Franklins' "business pursuit," and that the policy expressly excepts farming from this exclusionary clause.

Our scrutiny of the record and of the law applicable to the case *sub judice* indicates that the trial court properly interpreted the insurance contract between appellant and the Franklins as extending coverage in the given circumstance. The court held: "The insurance contract in this instance contemplated such contracts as entered into between Seaboard System Railroad and the insured by specifically excluding contracts of assumed liability not in writing . . . Exclusions from coverage are construed against the insurer and in favor of providing the indemnity sought." The trial court further noted that the liability of the insurer to pay a judgment against the insured, within policy limits, is a question to be determined by the trier of fact — in this case, the court.

The provisions of the insurance policy involved here are unambiguous. "No construction of a contract is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one *reasonable* interpretation, and in such instances the language used must be afforded its literal meaning and plain ordinary words must be given their usual significance." (Emphasis supplied.) *Georgia Farm Bureau Mut. Ins. Co. v. Ray*, 148 Ga. App. 85, 86 (251 SE2d 34) (1978). It is clear from the record that the incident underlying this action and appeal are within the policy's coverage. The cases cited in defense of its position by appellant are factually distinguishable from the case at bar and therefore do not support appellant's contentions.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 5, 1985.

*Jesse G. Bowles*, for appellant.
*William U. Norwood III, T. Harold Lambert, J. Anderson Harp*, for appellees.