71641. REMLER et al. v. COASTAL BANK.

(345 SE2d 79)

SOGNIER, Judge.

The Coastal Bank brought suit against Albert N. Remler as guarantor of a past due promissory note. The trial court granted The Coastal Bank's motion for summary judgment and Remler appeals.

Appellant's son, Albert Remler III, and Holmes Hodges executed

a promissory note with appellee on July 5, 1983. That same day appellant signed a guaranty of the indebtedness of his son and Hodges which provided: "FOR VALUE RECEIVED, the sufficiency of which is hereby acknowledged, and in consideration of any loan or other financial accommodation heretofore or hereafter at any time made or granted to Albert N. Remler III and Holmes W. Hodges (hereinafter called the "Debtor") by [appellee] . . . [appellant] hereby unconditionally guarantee(s) the full and prompt payment when due . . . of all obligations of the Debtor to [appellee], however and whenever incurred or evidenced, whether direct or indirect, absolute or contingent, or due or to become due (collectively called "Liabilities"). . . . The right of recovery against [appellant] is, however, limited to [$96,705.95], plus interest on such amount and plus all expenses of enforcing this guaranty. . . .

"This guaranty shall be continuing, absolute and unconditional and shall remain in full force and effect as to [appellant] . . . only as follows: [Appellant] may give written notice to [appellee] of discontinuance of this guaranty as to [appellant] by whom or on whose behalf such notice is given. . . .

"[Appellee] may, from time to time, without notice to [appellant] . . . (b) retain or obtain the primary or secondary liability of any party or parties, in addition to [appellant], with respect to any of the Liabilities, (c) extend or renew for any period (whether or not longer than the original period), alter or exchange any of the Liabilities, (d) release or compromise any liability of [appellant] hereunder or any liability of any other party or parties primarily or secondarily liable on any of the Liabilities . . . (f) resort to [appellant] for payment of any of the Liabilities, whether or not [appellee] shall have resorted to any property securing any of the Liabilities . . . or shall have proceeded against [appellant] or any other party primarily or secondarily liable on any of the Liabilities. . . .

"The creation or existence from time to time of Liabilities in excess of the amount to which the right of recovery under this guaranty is limited is hereby authorized, without notice to [appellant] and shall in no way affect or impair this guaranty."

Six months later, on January 3, 1984, the promissory note which is the subject of this lawsuit was executed by appellant's son as general partner for Hodges & Remler Enterprises. The note stated that its purpose was to refinance an existing debt and listed appellant's personal guaranty as security for the note. It is uncontroverted that appellant signed that part of the note requesting the purchase of credit life insurance.

Appellant contends the trial court erred by granting summary judgment to appellee because questions of fact still remain on three issues. Appellant first asserts that he was only liable for the debt of

his son and Hodges and therefore a question of fact exists whether he is liable for the January 1984 note executed by appellant's son on behalf of Hodges & Remler Enterprises. " 'No construction of a contract is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one *reasonable* interpretation, and in such instances the language used must be afforded its literal meaning and plain ordinary words must be given their usual significance.' [Cit.]" *Ga. Farm &c. Ins. Co. v. Franklin*, 175 Ga. App. 839, 841 (334 SE2d 728) (1985). This argument is controlled adversely to appellant by the note language allowing appellee to "release or compromise any liability of [appellant]" and to "retain or obtain the primary or secondary liability of any party or parties, in addition to [appellant]. . . ." Likewise, appellant's second argument concerning the relationship between the guaranty he executed and the January 1984 note is controlled adversely to appellant by the language in the guaranty allowing appellee to "extend or renew . . . alter or exchange any of the liabilities. . . ." Appellant in his final argument asserts that because the July 1983 note guaranteed by appellant was surrendered, questions of fact exist whether the note was cancelled. " 'Where, after the execution of a promissory note, a renewal or new note is executed for the same debt, it is the general rule that the second instrument does not of itself operate as a payment, or accord and satisfaction, or novation extinguishing the first note, unless there is an agreement between the parties to that effect. [Cits.] . . .' [Cit.]" *Wages v. Nat. Bank*, 169 Ga. App. 514 (313 SE2d 771) (1984). In his affidavit in opposition to appellee's motion for summary judgment, appellant stated that he was not present at the time of the delivery of the July 1983 note and the execution of the January 1984 note, and that he in no manner participated in, encouraged or consented to the surrender of the July 1983 note. Thus, because appellant failed to present any evidence that the parties agreed that the January 1984 note would act as a novation as to the July 1983 note, no questions of fact remain and the trial court correctly granted summary judgment to appellee.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 23, 1986 —
REHEARING DENIED MAY 7, 1986 —

*Albert N. Remler, Dennis L. Broome*, for appellants.
*Billy N. Jones, Charles M. Jones, William E. Callaway, Jr.*, for appellee.